## GAZLEY *against* PRICE.

THIS was an action of covenant, upon articles of agreement, bearing date the 1st of *August*, 1810, which recited, that the plaintiff had sold to the defendant a place whereon the plaintiff then lived, containing about sixteen acres, with a wood lot containing about twelve acres ; and that the defendant had agreed to give the plaintiff, for the same, the sum of 760*l.*, whereof 240*l.* were to be paid on the 15th day of *September* next after the date ; and the defendant was also, at the same time, to assume upon himself the payment of debts owing by the plaintiff, to the amount of about 400 dollars, making the whole of the payments about 1,000 dollars. The plaintiff then covenanted to give the defendant a good and sufficient deed for the premises, on the said 15th of *September* ; and the defendant covenanted to pay the plaintiff about the sum of 360*l.*, equal to 900 dollars, the remainder of the consideration money, on the 1st of *May* ensuing the date, without interest, and that he would give security for the last mentioned sum of money, on receiving a deed from the plaintiff. The plaintiff averred, that he had given the defendant a good and sufficient deed for the premises, according to the tenor and effect of the articles of agreement, and assigned a breach in the non-payment of the sum of 900 dollars.

*Where a vendor covenants to give a deed on a certain day, and the purchaser covenants on the same day to pay part of the consideration money, and give security for the residue, the covenants are dependent, and neither party can maintain an action without averring a performance, or readiness to perform on his part.*

*An averment in a declaration, that a deed was given, implies that it was accepted by the grantee.*

*When the plaintiff covenants to give a good and sufficient deed of land to the defendant, on a certain day, and the defendant covenants, on the same day, to pay part of the*

consideration money, and secure the residue, the covenant is performed by the plaintiff's delivering a deed sufficient in law to pass any title which he may have in the premises, but without covenant or warranty ; and the plaintiff, in an action of covenant on the agreement to recover the consideration, having averred that he had given a deed, a plea that the plaintiff was not seised, and had not power to sell, is bad.

Wherever, in pleading, there is an affirmative on one side, and a negative on the other, the plea must conclude to the country.

So, where it is averred in the declaration, that the plaintiff gave a good and sufficient deed, and the defendant merely denies that the plaintiff gave such a deed, but concludes his plea with a verification, it is bad on special demurrer.

GAZLEY
v.
PRICE.

The defendant pleaded three pleas. The second plea alleged, that on the 15th of *September*, 1810, the plaintiff was not lawfully and rightfully seised, of a good, sure, and indefeasible estate of inheritance in the premises, and had not good right, and lawful power and authority, to grant and convey the same, and concluded with a verification. The third plea denied that the plaintiff, on the 15th of *September*, 1810, gave the defendant a good and sufficient deed of the premises, pursuant to the articles of agreement, and also concluded with a verification.

The plaintiff demurred to the second and third pleas; and as to the third plea, showed for special cause of demurrer, that it concluded with a verification, and not to the country. The defendant joined in demurrer.

*Cantine*, in support of the demurrer, contended, 1. That the second plea was no answer to the declaration. The plaintiff avers, that he gave a good and sufficient deed; and it is no answer to say, that the plaintiff was not lawfully seised, &c. (1 *Chitty's Pl.* 506.   11 *Johns. Rep.* 573. 2 *Str.* 919. 2 *H. Bl.* 561.)

2. The *third* plea, being a direct negative of the averment of the plaintiff, ought to have concluded to the country, and not with a verification. (1 *Saund.* 103. n. 1. 2 *Johns. Rep.* 428. 462.)

*Bloom*, contra, said, that the covenants were dependent; the delivery of the deed and payment of the money were concurrent acts. (2 *Johns. Rep.* 208. 10 *Johns. Rep.* 266. 1 *Saund.* 32. n. 1. and 2.)

To show that the third plea was good, and that it might conclude with a verification, he cited 1 *Saund.* 102, 103. 1 *Salk.* 2. 4.   *Doug.* 91. 402. 480.   2 *Term Rep.* 439. 444. 14 *Johns. Rep.* 248.

SPENCER, Ch. J. delivered the opinion of the Court. There can be no doubt that the covenant to give a good and sufficient deed, and the covenant to pay part, and give security for the remainder of the consideration, are dependent covenants; and neither party could sue the other, without

averring a performance, or a readiness to perform on his part. (2 *Johns. Rep.* 207. 10 *Johns. Rep.* 266.) In the present case, the plaintiff alleges, that he has given to the defendant a deed of the premises, according to the tenor and effect of the articles of agreement; and this averment implies that the deed was accepted by the defendant. We are to consider whether the second plea, which states that the plaintiff was not, on the day when the covenant required the deed to be given, seised of the premises, and that he had not good right to convey the same, is any answer to the declaration. In the case of *Jones* v. *Gardner,* (10 *Johns. Rep.* 266.) the covenant was *to give a good and sufficient deed in law to vest the purchaser with the title of the farm of land, with the appurtenances;* and it appeared that the plaintiff's wife had not duly executed the deed, so as to pass her right of dower; and we held, not only that the covenants were dependent, but that the deed was not a fulfillment of the contract, because the agreement being to give a deed which should vest in the defendant the title of the farm, which meant the legal estate, in fee, free and clear of all valid claims, liens, and incumbrances, the claim of dower not being released, the absolute title was not vested; for it was liable to be defeated, in part, by the right of dower in the plaintiff's wife.

The covenant in this case, is different; the plaintiff bound himself only to give a good and sufficient deed for the premises. This relates merely to the validity and sufficiency of the conveyance, in point of law, to pass whatever right the plaintiff had in the lands to the defendant. The case of *Van Eps* v. *The Corporation of Schenectady,* (12 *Johns. Rep.* 442.) was very well considered; and we there held, that by an argreement to give a deed, no greater duty or obligation was created, than to execute a conveyance, or assurance of the property, without warranty or personal covenants; and several cases were referred to in support of that proposition. The additional words, "*a good and sufficient,*" cannot alter the construction of the agreement; they denote only the species of deed to be given, and have no reference to the title to be conveyed. Indeed, they only go to designate, more clearly the quality of the deed, but

NEW-YORK,  they fail entirely to point out the kind of warranty which
May, 1819.  should be annexed to the acquisition of the title.

PRATT            The third plea has been specially demurred to, for con-
v.          cluding with a verification, instead of tendering an issue to
CROCKER.    the country ; and the rule undoubtedly is, that where there
is an affirmative on the one side, and a negative on the other,
or *vice versa*, the conclusion must be to the country. (1
*Saund.* 103. n. 1.) The declaration had averred the giving a
good and sufficient deed for the premises, according to the
tenor and effect of the article of agreement; the plea nega-
tives the fact, almost in *totidem verbis ;* and thus a complete
issue was joined, ready to be tried, and there was nothing
to refer to the Court.

Judgment for the plaintiff.