By the Court,

Nelson, Ch. J.
The demurrer in this case presents the question, whether the covenant to convey the premises .described in the instrument declared upon, binds the vendor to give to the purchaser a good and sufficient title, free from incumbrances and conditions, or only to procure a deed, good and sufficient in form, as prescribed in the articles of agreement.
The demurrer admits the defect of title, ánd the inability of Reed to convey a title. This covenant, like all other contracts, is t.o be construed according to the intent of the parties, to be collected from the language of the instrument itself, giving to the words their ordinary and popular [246] meaning; and following tliis rule as our guide, it seems to me that there can not.be a well founded doubt as to the understanding of the parties. The plaintiff agreed to procure from Reed a good and sufficient warrantee deed of conveyance in the law in fee simple of the premises, together with all the water rights and privileges belonging, and appurtenant to the mills and machinery, &c., with the privilege of keeping and maintaining a mill-dam, &c., so as to ensure (assure) to the defendants the entire use of the mills and water privileges in as full and ample a manner as they had before been used. The defendants on their part, in consideration of the premises, agreed, on receiving the deed, to pay $1500, and to execute a bond and mortgage for $2500 more, payable by installments, being the consideration money agreed to be paid for the said 83 acres of land. I am altogether *141 incapable of understanding from these stipulations that they were entered into by the parties in respect to the mere form of the conveyance, regardless of the existing title of Reed, or whether the purchasers would or would nut acquire a title of the nature and quality described. The contract was not simply for a deed, but for a definite number of acres of land, with mills, privileges and appurtenances particularly specified; the privilege of keeping up a dam of a certain height, so as to assure the free and full use of the mills, water privileges, &c., as they had theretofore been enjoyed. The deed being the proper instrument to pass the title and to warrant and defend it, was necessarily mentioned for this purpose, as well as to designate the'nature and extent of the interest in the premises to be conveyed. A good and sufficient deed of conveyance in the law in fee simple, in the connection here found, means a good and sufficient deed to convey an estate in fee-simple in the land, the subject matter of the contract; a conveyance operative upon the title, and effectual to transfer it immediately to the purchasers. The covenant of the defendants to pay is expressly in consideration of the premises—that is, in consideration of the land and not of the deed, as it would have been, if that had been the only material thing contracted for or in the minds of the parties at the time, and very clearly indicates that it was the title to the premises, which the defendants had been stipulating for in the [247] previous part of the instrument, and for which they were willing to pay the large amount of purchase money, instead of a piece of parchment, good in form, but waste paper in effect, for the purpose of transferring the title.
It is not important to look particularly into the cases upon this subject, as I put the decision upon the meaning of the parties derived from the terms of the instrument in question, which differ, when taken together, from the covenants heretofore considered on this point, and supposed to favor the views of the plaintiff in this case on the question now before us. In Clute v. Robinson (2 Johns. R. 595), Kent, chief justice, said, that “ a covenant to execute and deliver a good and sufficient deed of a piece of land, does not mean merely a conveyance good in point of form; that would be a covenant without substance; but it means an operative conveyance, one that carries with it a good and sufficient title to the land to be conveyed.” Chief Justice Spencer, in Parker v. Parmalee (20 Johns. R. 132), supposes that as this opinion was pronounced in a court of equity, where the party was seeking the aid of the court to compel a specific performance, it could afford no rule for the construction of the covenant at law. But it should be remembered that the construction of the legal effect of the terms of the covenant is governed by the same rules in both courts, and that it was the meaning of the parties, as expressed by the words used, that Chief Justice Kent was endeavoring to ascertain. The correctness of the construction of the covenant in Clute v. Robinson was approved and applied by the court in Judson v. Wass (11 Johns. R. 525); and although that was an action of assumpsit to recover the purchase money, which was resisted on the ground of the defect of title, the true meaning of the language of the agreement in that case necessarily came in question, and was passed upon by the court. I repeat, however, that it is not intended by this decision to interfere with any of the prior cases on this subject, as this case is distinguishable from those relied upon on the argument by the counsel for the plaintiff. In my opinion there must be judgment for the defendant on the demurrer; the plaintiff to have [248] leave to amend on payment of costs.
Mr. Justice Cowen concurred.
Mr. Justice Bronson dissented, and delivered the following opinion:
It is impossible to distinguish this case from Gazley v. Price, 16 Johns. R. 267, and Parker v. Parmalee, 20 id. 130. The defendants rely on Clute v *142 Robison, 2 id. 595, and Judson v. Wass, 11 id. 525. Both of these cases were very fully reviewed by Chief Justice Spencer in Parker v. Parmalee. and he showed most satisfactorily that they depend upon principles which are wholly inapplicable to the case under consideration. Judson v. Wass was an action of assumpsit, where the failure of consideration constitutes a good defence; but this is an action of covenant, upon an agreement made in 1829, before the statute had provided for inquiring into the consideration of sealed instruments (2 R. S. 406, § 77). In Clute v. Robinson, the party was seeking the aid of a-court o-f equity, and the decision turned upon principles peculiar to that forum.
In one respect, this is a stronger case for the plaintiff than those which have been mentioned. In both of those cases, the plaintiff covenanted that he would convey; but, in this case, the plaintiff agreed that he would procure a conveyance from a third person with warranty, and the defendants covenanted that they would pay the money “ on receiving the said deed.” The plaintiff did not stipulate that Reed had a title to the whole or any part of the premises, but only that he would procure a conveyance from him to the defendants. For aught that appears, the defendants were as fully apprised of the nature and extent of Reed’s title at the time they entered into the contract, as they were at the time they refused to perform it. But whether they expected to acquire a good title or not, they agreed to accept a conveyance from “Reed, and were content to rely on his covenant of [249] warranty. The plaintiff has performed the agreement on his part, and the defendants have-shown no excuse for their default.
In Parker v. Parmalee, where the plaintiff agreed to convey, it was said that the defendant was not without remedy if the title was defective; that the court of chancery would protect him from paying his money for a piece of land which the plaintiff did not own; and the decision was put upon the ground, that a court of Zaza should not innovate upon ancient and well settled principles, from the notion that there was any peculiar hardship or injustice in the case. But in the case under consideration, it may well be doubted whether the defendants would be entitled to relief in a court of equity. They do not set up any fraud on the part of the plaintiff, or allege that there was any misapprehension about the title at the time they entered into the contract. Reed may be abundantly able to respond on his covenant. But if the fact be otherwise, and whether he has a good title or not, the plaintiff may have expended as much money in procuring his deed with warranty as the defendants agreed to pay for it when procured. The plaintiff has performed his agreement; he has bestowed his time and attention, and paid his money to procure an act to be done by a third person; and if there has been neither fraud nor mistake (and there is no such allegation), the defendants must abide by their contract.- A court of equity has no power to absolve them from it.
But it is enough that the question presented by the pleas has been long settled in this court, and the plaintiff is, I think, clearly entitled to judgment.
Judgment for defendants.