## Withers *against* Baird.(*a*)

A magistrate bound to make title by a conveyance from a third person, is incompetent to receive the acknowledgement of the grantor's wife.

Covenants relating to the mass of a tract, are applicable to land acquired in exchange for a part of it, and substituted in a contract of sale for the part exchanged.

A covenant to make " a good and lawful deed of conveyance clear of all incumbrances," is satisfied by a deed with special warranty, where the parties have expressed their meaning to be, " only a warranty deed subject to all the demands of the commonwealth."

A vendor cannot sue for purchase money, before the removal of an incumbrance suffered by him subsequently to the date of the articles of sale.

THIS was an action of covenant instituted in the district court of *Lancaster* county, to recover the price of a tract of land secured by articles of agreement, in which Baird the plaintiff had contracted to execute " a good and lawful conveyance clear of all incumbrances," which, in another part of the articles, was explained to mean, " only a warranty deed subject to all the demands of the commonwealth." It was not disputed that the covenants were mutual and dependent. The plaintiff had made a verbal exchange of six acres of the land for four, with one Baxter; and it was covenanted that these four acres should be conveyed to Withers, the defendant, as a part of the tract, unless the plaintiff and Baxter should agree to rescind ; and that he should, in that case, convey the tract as it formerly stood. They did not rescind; and all parties subsequently agreed that Baxter should convey the four acres, not to the plaintiff, but directly to the defendant: in pursuance of which, he and his wife acknowledged a deed before the plaintiff who was a justice of the peace, and deposited it with him. Subsequently to the articles and before tender of any conveyance, Baxter obtained a judgment against the plaintiff for 494 pounds 1 shilling 8 pence. The defendant went into possession; and the plaintiff tendered, before suit brought, his own deed and Baxter's, the sufficiency of which, as performance of his covenant, was a matter in contest.

It was insisted by the defendant, that title to the four acres ought to have been shown to be out of the commonwealth ; that without a delegation of special authority, Baxter's deed could be tendered only by himself; and that the acknowledgement of it before the plaintiff, a party in interest, was void against Baxter's wife : but the court directed that the plaintiff necessarily had authority to tender ; that the

(*a*) Lancaster District, May Term 1823.

[Withers v. Baird.]

acknowledgement was sufficient by force of the agreement to pass the title in a particular way ; and that at all events, a tender was unnecessary before suit brought, provided it were made before payment of the money.

The defendant further prayed for direction that the plaintiff's own deed was insufficient for want of a covenant of general warranty, or at least against incumbrances ; that Baxter's judgment was an incumbrance on the title ; and that he ought not to part with the purchase money till it was removed : but the judge charged, that the plaintiff was not bound to insert such a covenant ; that the defendant had a right to be protected from Baxter's judgment ; but that he might pay it off and protect himself by taking credit for the amount, or the court might stay payment on the execution till the difficulty were removed.

The cause was argued on the same points here, by *Rogers*, for the plaintiff in error ; and by *Buchanan*, for the defendant.

The opinion of the Court was delivered by

GIBSON, J.—I see no necessity for a special authority from Baxter to tender his deed.   Delivery of it to the plaintiff below, with knowledge of the purpose to be effected by it, was sufficient to make it an *escrow ;* and the plaintiff, who was bound to make the title, was the person to tender it.   But the acknowledgement was palpably insufficient to bar the dower of Baxter's wife.   The office of a magistrate in respect to private examination, is a judicial and a delicate one. Entrusted with the business of inspecting the wife's knowledge and will, he should be superior to all exception on the score of impartiality. When he is bound to procure her concurrence, his inducement to abuse his trust is as strong as if the conveyance were made to himself ; and it would not be pretended that his judicial functions could be exercised in his own case.   His responsibility for the conveyance, whether through himself or directly to the defendant, made him equally a party in interest ; and no consent, short of an agreement by the vendee to take a defective title, which is not pretended, could supply the place of a separate examination.   To say the wife might precedently waive her protection from it, would be absurd : she can waive nothing or assent to nothing except in the way pointed out by the law.   Nor can I see how the tender of an unexceptionable conveyance at the trial, or before leave to take the money out of court, could be an equivalent for tender before suit brought,   The execution of the conveyance, and payment of the purchase money, were mutual conditions; and a right of action could not accrue on the one side without a tender of performance to the other.   This is, in substance and in form, an action at law ; and though equitable circumstances might dispense with performance strictly at the day, the plaintiff must have done every thing incumbent on him before action brought.

The direction that it was unnecessary to show title to the four

[Withers v. Baird.]

acres out of the commonwealth was well enough. These were taken in exchange for a part of the original tract, and were to be conveyed to the defendant only in case the part of it parted with could not be reacquired. But the conveyance of the original tract was to be expressly subject to the claims of the commonwealth; and in the absence of special provision to the contrary, it would be unreasonable to apply to the equivalent any thing but the covenants applicable to the thing for which it was substituted.

It is objected that the plaintiff's own conveyance is without a general warranty or covenant against incumbrances. But a warranty deed, for which alone the vendee stipulated, is, in popular phrase, a deed with special warranty; and that the parties meant no more is evident from their declaration that they intended "*only* a warranty deed, subject to all the demands of the commonwealth." For a covenant against incumbrances the contract did not call, it being sufficient to show that the land was in fact unincumbered.

The direction that the court's control over the application of the purchase money was a substitute for the extinguishment of Baxter's judgment before action brought was decisively wrong. The judgment bound the vendor's interest in the land, or in other words the legal title, to the value of the unpaid purchase money. A purchaser under it would be entitled not to possession of the land, but to the benefit of the covenants for the price of it; he would, in short, stand in the place of the vendor, entitled to his rights and subject to his responsibilities. It must be obvious, therefore, that payments to the vendor subsequent to an incumbrance of his title, would not prevail against the incumbrancer. The vendee is a purchaser of an inchoate title, and being bound to notice all defects, his payments are at his peril. On the other hand, the vendor may not call for the purchase money while there is an incumbrance outstanding. He cannot compel an appropriation of it in the vendee's hands at the expense of costs and the vexation of a lawsuit to one who had done every thing incumbent on him to entitle himself to a precise execution of the contract. What is it to him that the vendor may be unable to raise a sum sufficient to clear the title? The vendor's misfortunes can give him no right against one who is not in default. If by reason of the perils that would attend payment to him, he cannot ask it amicably, it is not easy to discover how he can compel it under the court's mediatorial discretion to apply the purchase money to the vendee's protection. The direction was palpably wrong.

Tilghman, C. J., and Duncan J. concurred.

Judgment reversed, and a *venire de novo* awarded.