[396] FLETCHER vs. BUTTON.

A contract to give a good and sufficient deed of land, free of all incumbrances, is not satisfied by a deed containing covenants of warranty and against incumbrances, where the grantor has not the legal title to the premises.

The cases of *Gazley* v. *Price*, (16 *John.* 267,) and *Parker* v. *Parmelee*, (20 *id.* 130,) reviewed and questioned.

The purchaser, to whom a conveyance is due under such a contract, may recover back the purchase money paid by him and six years' interest thereon, where the seller is unable to convey a good title.

And although the seller has an equitable title which the purchaser acquires under such a contract, together with the possession and use of the premises, this will constitute no defence to the action in respect either to the principal or interest of the money paid.

Where, in such a case, the purchaser pays a part of the purchase money, and gives his note for the residue, which is received in *satisfaction*, the whole may be recovered back, although a portion of the note remains unpaid, the balance due not being set up in the pleadings as an offset.

ON the 13th of April, 1841, the defendant executed to Isaac Fletcher and Isaac Fletcher, junior, a bond in the penalty of $800, with the following recital and condition: "Whereas the said Fletcher has heretofore bought of me the following described piece of land, situate lying and being in Georgetown aforesaid, containing 35⅝ acres of land, to be taken off the east end of the north half of lot No. 10, in said town, for which said Fletcher has paid $500, the receipt whereof I do hereby ac-

knowledge, in full satisfaction for the above described land. Now, therefore, the condition of this obligation is such, that if the above bound Edward Button, his heirs, executors or administrators, do well and truly execute or cause to be executed unto the above named Fletchers, their heirs, executors, administrators or assigns, a good and sufficient warrantee deed of the above described land, free from all incumbrances, by the first day of January next, then this to be void, or otherwise to be and remain in full force and virtue."

The plaintiff, Isaac Fletcher, jr., in November, 1843, became the sole owner of the bond, and requested the defendant to perform the condition and give a deed, which the defend- [397] ant refused, on the ground that he had no title himself to the land.   After waiting six years and upwards from the time of the default, he brought this action on the bond, claiming to recover as damages the purchase money paid for the land and interest thereon.   The defendant in his answer claimed to be allowed the sum of $298, for the *use* of the premises, as a set-off against the claim of the plaintiff; also, that the purchase money actually paid was only $450, instead of $500, as recited in the bond.   The answer set up no other defence.

On the trial before GRIDLEY, J. in February, 1849, the defendant offered evidence tending to show that the Fletchers by their agreement with him for the purchase of the land acquired an equitable title thereto, the legal title being outstanding in third persons.   This evidence was objected to by the plaintiff and excluded by the judge.   The defendant excepted.   It appeared in the course of the trial that for $263 of the purchase money mentioned in the bond, the Fletchers gave their note, on which the sum of $26 remained unpaid at the time of the trial.   The defendant offered to prove that he had called upon the Fletchers to pay this balance, but they refused to pay it, on the ground that the defendant had not conveyed to them, by deed with warranty, the premises in question.   This evidence was objected to and excluded.   The defendant excepted.

The defendant requested the court to charge the jury, that inasmuch as the Fletchers went immediately into the possession

Fletcher v. Button.

of the land, under the agreement to purchase from the defend-
ant, and had had the use and occupation thereof ever since
under the agreement, the plaintiff was not entitled to recover
interest, the use of the premises being equivalent to the interest
on the purchase money paid : also, and upon the same ground,
that the plaintiff could not recover at all until he rescinded the
agreement and restored the possession of the land to the de-
fendant : also, that in ascertaining the damages, if the plaintiff
was entitled to recover, the sum of $26, unpaid on the note
given for a part of the purchase money, should be deducted.
The judge refused to charge as requested upon either of the
[398] propositions, and did charge that the plaintiff was entitled
to recover the purchase money agreed to be paid with six years'
interest thereon. The defendant excepted. The jury found a
verdict in favor of the plaintiff for $657,31. The supreme
court in the fifth district refused to grant a new trial, and after
judgment the defendant appealed to this court.

*N. Hill, Jr.* for appellant, cited *Abbott* v. *Draper*, (4 *Denio*,
51 ;) *Dowelle* v. *Camp*, (12 *John.* 451 ;) *Gillett* v. *Maynard*,
(5 *id.* 85 ;) *Lockwood* v. *Barnes*, (3 *Hill*, 128 ;) *Staats* v. *Exe-
cutors of Ten Eyck*, (3 *Caines*, 111 ;) *Baldwin* v. *Munn*, (2
*Wend.* 399, 405, 406 ;) *Peters* v. *McKean*, (4 *Denio*, 546, 459,
550 ;) *Pitcher* v. *Livingston*, (4 *John.* 1 ;) *Kinney* v. *Watts*,
(14 *Wend.* 38 ;) *Kelley* v. *Dutch Church*, (2 *Hill*, 115 ;) *Ben-
nett* v. *Jenkins*, (13 *John.* 50 ;) 1 *McCord*, 586 ; 2 *Mass. R.*
455 ; 3 *id.* 523.

*S. T. Fairchild*, for respondent, cited *Gillett* v. *Maynard*,
(5 *John.* 85 ;) *Baldwin* v. *Munn*, (2 *Wend.* 399, 405 ;) *Kinney*
v. *Watts*, (14 *id.* 38, 40, approved in *Kelly* v. *Dutch Church*, 2
*Hill*, 115 ;) *Caswell* v. *Wendell*, (4 *Mass. R.* 108 ;) *Stevenson*
v. *Maxwell*, (2 *Saund. Ch. R.* 273 ;) *Hopkins* v. *Grazebrook*,
(6 *Barn. & Cress.* 31 ;) *Story on Cont.* § 960 ; 2 *Phil. Ev.* 60 ;
*Sugd. on Vend.* 183 ; *Smith* v. *Stewart*, (6 *John.* 46 ;) *Ward-
well* v. *Bancroft*, (13 *id.* 489 ;) 2 *R. S.* 354, § 18, sub. 1, 3 ;
*Witter* v. *Witter*, (10 *Mass. R.* 223 ;) *Murray* v. *Gouverneur*,
(2 *John. Ch.* 438 ;) 2 *Phil. Ev.* 88, 89, citing *Conner* v. *Hen-*

Fletcher *v.* Button.

*derson*, (15 *Mass.* 319 ;) *Hunt* v. *Silk*, (5 *East*, 449 ; (*Green* v. *Green*, (9 *Cowen*, 46 ;) *Abbott* v. *Draper*, (4 *Denio*, 51 ;) *Cooledge* v. *Brigham*, (1 *Metc.* 547 ;) *Colville* v. *Besly*, (2 *Denio*, 139 ;) *Code*, § 128, *sub.* 2; *Porter* v. *Talcott*, (1 *Cowen*, 359, 383 ;) *Weydell* v. *Luer*, (3 *Denio*, 410.)

Ruggles, J.  This action is brought to recover back the purchase money and interest.  The Fletchers have had possession of the land ; and the defendant resists the recovery first, on the ground of a supposed right to a set-off against the plaintiff's demand, for the use and occupation of the land from the [399] time the plaintiff first took possession.  This claim on the part of the defendant is clearly without foundation.  The defendant was not the owner of the land.  The plaintiff entered and occupied, not as the defendant's tenant, but under his contract of purchase, by which the defendant was bound to give him a title. Under these circumstances no promise to pay for the use and occupation of the land can be implied.

But, secondly, the defendant insists that the plaintiff had the possession of the land under a contract of purchase, which of itself gave him an equitable title ; under which he could protect himself against an action for the mesne profits by the true owner ; and therefore that the plaintiff is entitled to recover no more than the purchase money actually paid, *without interest.*

The first answer to this proposition is, that the defendant in his plea sets up no defence (except by way of set-off as above mentioned) to the recovery by the plaintiff of the purchase money actually paid with the interest thereon.  On the contrary, in the last clause of his answer, the defendant admits the plaintiff's right to the purchase money and interest after deducting the set-off for use and occupation.  The set-off having been properly rejected at the trial, there seems to be no question upon the pleadings for controversy as to the recovery of the interest.

But without reference to the pleadings, if the defence thus set up be good as to the interest on the purchase money, it is equally good as to purchase money itself.  If the plaintiff has

such an equitable title as will protect him against an action for the mesne profits by the true owner, it will protect him also against an action for the land itself. But an equitable title is not what the condition of the defendant's obligation required him to give. He was bound to execute or cause to be executed a good and sufficient warrantee deed of the land, free from all incumbrance. This he refused to do, and thus violated his obligation. The plaintiff was not bound to accept an equitable instead of a legal title to the land. It was no part of the bargain that he should ; and he had the right to regard it as no [400] title, because it was not that which he had paid his money for, and was to have had. Such an equitable title, therefore, if it had been shown, would not have been a good defence, either as a performance of the condition of the bond,. or for the purpose of reducing the amount of the recovery.

Another ground on which the defendant claims to be exempted from the payment of interest on the purchase money is, that the bond does not require a deed containing a covenant of seisin, but of warranty only, and if such deed had been executed, the plaintiff on that covenant could recover nothing until after eviction, which might never happen.

In taking this point the defendant assumes that the condition of the bond would have been satisfied and performed by the execution of a deed for the land, whether he had a title or not. If he is mistaken in this assumption, his argument fails, because it is immaterial what might be the effect of covenants which do not satisfy the condition of the obligation.

I think the defendant is mistaken in assuming that a deed which conveyed no title would have been a performance of his contract. There are, however, two cases which give countenance to the defendant's construction of the bond in this respect. The one is *Gazley* v. *Price*, (16 *John.* 267,) in which the plaintiff had covenanted to " give the defendant a good and sufficient deed for the premises ;" and it was held that this covenant was performed by the execution of such a deed as conveyed whatever right the plaintiff had in the lands ; and that the words " good and sufficient," denoted only the species of deed to be

given, and had no reference to the title. The other case is that of *Parker* v. *Parmelee*, (20 *John.* 130.) The plaintiff covenanted to execute to the defendant "a good warrantee deed of conveyance of the premises;" and it was adjudged that the word "good," referred to the instrument of conveyance, and did not mean that the grantor would give a good warranted title. But the reasoning in that case falls short of showing that a covenant to execute a *good and sufficient* deed of *conveyance* is satisfied by a deed which *conveys* nothing.

It is difficult to reconcile these cases with *Clute* v. *Robinson*, (2 *John.* 213,) and *Judson* v. *Wass*, (11 *id.* 525,) and *Van Eps* [401] v. *Schenectady*, (12 *id.* 436.) In the first mentioned case, Chief Justice Kent says : " A covenant to execute a good and sufficient deed of a piece of land, does not mean merely a conveyance good in point of form. That would be a covenant without substance. But it means an operative conveyance, one that carries with it a good and sufficient title to the lands." In *Judson* v. *Wass*, the plaintiff agreed " to execute and acknowledge a deed to the purchaser with warranty of title except as to the quit-rents on certain lots." This was held to mean not merely that he would execute a deed containing such a covenant, but that he had the power to give a deed which would convey with it an indefeasible title to the lots subject to no other incumbrance or charge than that specified in the agreement.

In *Van Eps* v. *Schenectady*, (12 *John.* 436,) the conditions of a sale of lots by auction were, that upon the payment of the purchase money by installments " a deed will be executed by the mayor, &c. of the said city." By the reporter's marginal note in this case it would seem to have been adjudged that an agreement on a sale of land " to execute a deed to the purchaser" is satisfied, by executing a deed without warranty or covenants. This is erroneous. The decision amounts to no more than this ; that a deed without covenants of title was in that case a compliance with the condition of sale, provided such a deed actually conveyed the land, but if inoperative for that purpose, it was not. And on that ground, the purchaser, although a deed had been tendered, was allowed to rescind his contract and recover

back the consideration money. The effect of the decision is, that upon an agreement to give a deed, it must be such a deed as conveys a title. On no other principle could the plaintiff in that case have recovered his purchase money.

But it is not necessary in the present case to determine whether the cases of *Gazley* v. *Price* and *Parker* v. *Parmelee* can be reconciled with the previous adjudications. The language of the defendant's obligation differs essentially from the language [402] of the covenants in the two last mentioned cases. The defendant in this suit bound himself " to execute or cause to be executed a good and sufficient warranty deed of the land free from all incumbrances."

These words must on a fair construction be held to refer to the title and not to form of the deed. What was to be free from all incumbrances? The land, certainly, and not the deed. A covenant in the deed that the land was free from incumbrances, does not satisfy the condition. Such is not its language. The condition calls for no such covenant. (*Withers* v. *Band,* 7 *Watts,* 229.) The circumstances attending the subject matter of the contract show the intention of the parties that the title should be conveyed by the deed mentioned in the bond. The land was held under contract. Both parties knew that the defendant, at the date of the bond, had no title, and time was given him to acquire it. If a deed without title was to have been executed, it might as well have been done then as afterwards. The case of *Porter* v. *Noyes,* (2 *Greenl.* 22,) is directly in point on this question. The plaintiff in that case was to make to the defendant " a warranty deed free and clear of all incumbrances," and it was adjudged that the agreement was not performed unless the land was free from incumbrances when the deed was to be given ; and that it was not satisfied by a covenant in the deed that it was free from incumbrances. A paramount right to the land which may wholly defeat the grantee's title is an incumbrance within the meaning of the condition of the defendant's bond. (*Prescott* v. *Trueman,* 4 *Mass.* 627.) In Pennsylvania it was held, in *Dearth* v. *Williamson,* (2 *Serg. & Rawle,*) that a covenant to make a lawful deed of conveyance may fairly be

understood as a covenant to convey a lawful title. In *Stow* v. *Stevens*, (7 *Verm. Rep.*) where the defendant bound himself to execute a good and valid deed of land with the usual covenants, it was adjudged that he was obliged to give a deed which conveyed a good and sufficient title.

The defendant having broken the condition of his bond, by refusing to convey to the plaintiff the land free from incumbrances, the rule of damages most favorable to him, was that which was adopted by the judge at the trial. There was [403] no error in rejecting the evidence offered by the defendant, or in charging the jury that the plaintiff was entitled to recover the purchase money he had paid with interest for six years.

A majority of the court are of opinion that the court below was right in rejecting the defendant's claim of $26, the balance appearing to be due on the note of $263. The note appears, by the recital in the bond, to have been taken by the defendant, in payment of the purchase money. It is not set up in the answer by way of set-off, nor in any other way in which the defendant can avail himself of it as a defence.

Judgment affirmed.