Pomeroy v. Drury.

———— • • • ————

## POMEROY AND MARTIN vs. DRURY.

Under an agreement to sell a farm, and to execute and deliver to the purchasers a *warranty deed* of the land, on condition that they pay the purchase money, at the times and in the manner specified, the vendor is bound to give the purchasers a perfect title, including the inchoate *right of dower* of his wife.

A tender of a deed executed by the vendor alone, when he has a wife living, is not sufficient.

When a man buys a piece of land, and contracts for a conveyance, in general terms, the presumption is that he expects the title; and the grantor should be required to give him a perfect title.

*Gazley* v. *Price*, (16 *John.* 267,) and *Parker* v. *Parmele*, (20 *Id.* 130,) overruled.

Pomeroy v. Drury.

In Equity. On the eighth day of September, 1852, the defendant agreed to sell to the plaintiffs a farm of forty-three acres of land, situate near Astoria, in the county of Queens; and to execute and deliver to them a warrantee deed for the said land, on condition that the .plaintiffs paid for the same land $21,995, as follows: "$10,995 thereof in cash, in thirty days from the date hereof, when the deed for said premises and possession thereof are to be given; $3000 thereof in one year from the eighth day of October next, and interest thereon at six per cent, the interest to be paid semi-annually; $5500 in two years from the said eighth day of October next, and interest thereon at the rate and payable as aforesaid; and the balance of $2500, by assuming the payment of a mortgage for that amount now on said premises." The agreement was contained in a printed and written contract under seal, and it included a stipulation, that if default should be made in fulfilling the agreement, or any part thereof, the defendant should be at liberty to consider the contract as forfeited and annulled, and to dispose of the land to any other person, in the same manner as if the contract had never been made. On the eighth of October the parties met, and the plaintiffs aver that they were ready and willing to perform on their part. The defendant tendered a warrantee deed, with full covenants executed by himself, but not by *his wife.* The plaintiffs refused to proceed until the wife executed the deed. The defendant averred that his wife refuse to execute a conveyance. Thus things remained until the plaintiffs, learning that the defendant contemplated a sale of the same premises to some other person, commenced an action to obtain a specific performance, and procured a preliminary injunction, restraining the defendant from disposing of the land. The defendant now moved to dissolve that injunction.

*W. R. Wheaton,* for the defendant.

*Chas. O'Conor,* for the plaintiffs.

*By the Court*, BARCULO, J.   The sole question to be an-swered is, whether by this contract the defendant is bound to give the plaintiff a perfect title, including the inchoate right of dower in his wife.

If we were permitted to consider the *acts* of the parties as our guide, we should have no difficulty in arriving at a conclusion. The tender of a warrantee deed with full covenants, together with the fact sworn to by the defendant, that he applied to his wife and was unable to procure her signature, would show satisfac-torily that he considered himself bound to convey a good title. But I cannot recognize the propriety of construing written agreements by the subsequent conduct of the parties. On the contrary, I consider it a rule well settled in law, and well founded in reason, and applicable to all courts, that a contract of this description must be interpreted according to its contents, and the nature of the subject matter. In this view, I must lay aside several of the affidavits with which the case has been incum-bered; and especially those touching the character of the de-fendant, and the opinions entertained by the legal profession as to the sufficiency of the printed blanks sold by the Messrs. Sibell of Wall-street, one of which blanks was used to embody the agreement between these parties. If the learned counsel who have argued this motion with consummate ability had pre-pared the affidavits, these would certainly have been left out of the case.

Looking then upon the face of this paper, and assuming that our true object is to ascertain the *actual intention* of the parties who made it, let us inquire whether they contemplated the con-veyance of a perfect title to this land, or merely stipulated for a warrantee deed, which might or might not convey the premises. In the first place, the contract speaks of a *sale* of a farm of land, for the round price of *upwards* of *five hundred dollars* an acre; which looks very much as if the parties were in earnest, and really meant to accomplish something. In the next place, the plaintiffs are to receive " a *warrantee deed* for the said land;" and finally, they are to have possession of the land, and are to pay about twenty-two thousand dollars by installments "*for the*

*same land.*" Here then we find the parties speaking of a sale of the farm, the delivery of possession, the execution of a warrantee deed, and the payment of the purchase money, not for the *deed*, but for the land. Can any lawyer or judge have a doubt as to the intention of these parties? Can any man of "common understanding" hesitate to say that they intended to transfer the actual title?

But it is said that the law has affixed a different meaning to such contracts, and that the *actual* intention must yield to the artificial legal intention. I assent fully to the proposition that where certain words in a deed or will have, by repeated adjudications, come to obtain a fixed and definite legal meaning, we must adhere to it; for it is sometimes better to continue on in a beaten track of error, than to turn suddenly into a correct course. But I doubt the existence of any binding authority which requires the court to prevent the real intention of these parties.

The authorities chiefly relied on are the cases of *Gazley* v. *Price*, (16 *John.* 267,) and *Parker* v. *Parmele*, (20 *Id.* 130.) The first of these cases was an action of covenant to recover the purchase money upon articles of agreement, in which the plaintiff had covenanted to give the defendant "a good and sufficient deed for the premises." The defendant pleaded that "the plaintiff was not lawfully seised of a good, sure and indefeasible estate of inheritance in the premises, and had not good right and lawful power and authority to grant and convey the same." The court held that the covenant, to give a good and sufficient deed of the premises, related merely to the validity and sufficiency of the conveyance, in point of law, to pass whatever right the plaintiff had in the lands, and that the plea was bad. That case is distinguishable from this, not only as respects the terms of the agreement, but also in respect to the nature of the action, as will more fully appear in considering the next case.

In *Parker* v. *Parmele*, which was a similar action, the plaintiff covenanted to execute "a good warrantee deed of conveyance of the premises." Chief Justice Spencer, in delivering the opinion of the court, remarked that the case could not be

discriminated from the case of *Gazely* v. *Price*, but, in endeav-oring to answer some of the preceding decisions, he said that the only question presented by the first plea, (which set up as a defense the want of title in the plaintiff,) was whether the de-fendant would set up, in that action, failure of consideration, on the ground that the plaintiff had not a good title to the land contracted to be conveyed. He then proceeded to show, by au-thorities, that a mere failure of consideration was no defense at law, where the action was on a specialty. Upon this ground that part of the case was, in fact, decided; and as was well re-marked by Judge Ruggles, in *Fletcher* v. *Button*, (4 *Comst.* 396,) "the reasoning in that case falls short of showing that a covenant to execute a *good and sufficient* deed of *conveyance* is satisfied by a deed which *conveys* nothing." It is obvious that both of these cases may have been correctly decided, on the ground that the defense was not available, in an action of cove-nant. And according to a remark made in *Parker* v. *Par-malee*, by Justice Spencer, that the court of chancery could afford the remedy denied in a court of law, we are not at all events bound by those adjudications, in applications made to the *equity* side of this court. So far as these cases do tend to establish the doctrine contended for by the defendant, they are in conflict with the antecedent and subsequent cases. In *Clute* v. *Robison*, (2 *John.* 595,) on an appeal from the chancellor, the court of errors held that a covenant to "execute and deliver a good and sufficient deed," meant an operative conveyance, and was not satisfied by the conveyance of a title admitted to be doubtful. So in *Judson* v. *Wass*, (11 *John.* 525,) which was an action to recover back the purchase money, the supreme court held that a contract, that a deed should be given by the vendor, with warranty of title, except as to quit-rents of the lots as should be designated, meant not only that he would execute a deed containing such a covenant, but that he had the power to give a deed which would carry with *it an indefeasible title.* In these two cases the covenant of the vendor was in terms not stronger, certainly, than in the case before us; and it is difficult indeed to account for the language of Judge Spencer in *Gazely*

v. *Price,* with these cases before him, except by referring it to his ideas of the peculiar nature of that action.

But in *Carpenter* v. *Bailey,* (17 *Wend.* 244,) the question was met; and, if Justice Bronson was right in supposing that the case could not be distinguished from *Gazley* v. *Price,* and *Parker* v. *Parmele,* the decision in that case must be deemed to have overruled these two cases. That was an action of covenant, where the plaintiff had covenanted to procure from a third person a *good and sufficient warrantee deed of conveyance in the law in fee simple* of a definite quantity of land, together with certain water rights and privileges appurtenant to the land, and it was held by the supreme court, (Justice Bronson dissenting,) that the plaintiff was bound to procure a deed, not only corresponding in *form* with that stipulated for, but *operative* and effectual to convey the title. In delivering the opinion of the court, Nelson, chief justice, used the following language : " A good and sufficient deed of conveyance in the law in fee simple, in the connection here found, means a good and sufficient deed to convey *an estate in fee simple in the land,* the subject matter of the contract : a conveyance operative upon the title, and effectual to transfer it immediately to the purchasers. The covenant of the defendants to pay is expressly in consideration of the premises—that is, in consideration of the *land* and not of the *deed*—as it would have been, if that had been the only or material thing contracted for, or in the minds of the parties at the time ; and very clearly indicates that it was the *title* to the premises which the defendants had been stipulating for in the previous part of the instrument, and for which they were willing to pay the large amount of purchase money instead of a *piece of parchment,* good in form, but waste paper in effect, for the purpose of transferring the title."

It is true that the chief justice disclaims any intention to interfere with any of the prior cases on the subject, and puts the decision upon the *meaning of the parties* derived from the *terms* of the instrument; but this, I apprehend, is a rule applicable to all cases of this kind. It is also worthy of remark, that the learned counsel who argued that case for the plaintiff, relied

principally on the cases of *Gazley* v. *Price*, and *Parker* v. *Parmele*, while his opponent cited only the antagonist cases of *Clute* v. *Robinson*, and *Judson* v. *Wass;* and from the dissenting opinion of Justice Bronson, it is apparent that that distinguished jurist considered the decision as virtually overruling the two former cases.

The cases which I have been criticising were further questioned and somewhat impaired, I think, by the recent case of *Fletcher* v. *Button*, (4 *Comst.* 396.) In that case the court of appeals decided, that a contract to give *a good and sufficient deed of land, free from all incumbrances*, was not satisfied by a deed containing convenants of warranty and against incumbrances, when the grantor had not the legal title to the premises. In the opinion delivered, the court cites with approbation the case of *Dearth* v. *Williamson*, (2 *Serg. & Rawle*, 498,) in which it was held that a covenant to make a lawful deed of conveyance may fairly be understood as a covenant to convey a lawful title; and, that of *Stow* v. *Stevens*, (7 *Verm. Rep.* 27,) where the defendant bound himself to execute a good and valid deed of land with the usual covenant, and it was adjudged that he was obliged to give a deed which conveyed a good and sufficient title.

In view of this array of antagonistic adjudications, I think it may be safely said, that *Gazley* v. *Price*, and *Parker* v. *Parmele*, are no longer authorities for holding that a covenant to convey lands by warrantee deed, on a sale, refers only to the form and sufficiency of the deed, and not to the title conveyed.

In addition to the cases already cited from Pennsylvania and Vermont, I am referred to the case of *Hunter* v. *O'Neil*, (12 *Ala. R.* 37,) in which the supreme court of that state held that a contract to make *a deed for the land when the price was paid*, imposed upon the covenantor the obligation of conveying the title. And in *Tharin* v. *Fickling*, (2 *Rich. R.* 361,) it was adjudged by the court of appeals of South Carolina, that where a party contracts to purchase land, unless he stipulates for less, good and sufficient titles must be delivered, or tendered to him, before he can be compelled to pay the purchase money.

This last case undoubtedly contains the true common sense rule. When a man buys a piece of land and contracts for a conveyance, in general terms, the presumption is that he expects the title. And the grantor should be required to give him a perfect title. This presumption, so far as it relates to a warranty deed with full covenants, of course cannot obtain where the vendor is an executor or trustee, or occupies any representative situation; for it is not according to the usual course of business for persons in such capacities to guarantee the title. But where the contract is made by the parties in their individual capacities, for the purchase and sale of a lot or farm of land in this section of the country, and nothing appears on the face of the contract to show they clearly intend something short of it, the presumption ought to be that they have in view the absolute and perfect title.

It is always more or less a matter of discretion to dissolve an injunction or to retain it until the hearing. In the exercise of that discretion, I consider it my duty to deny this motion.

Motion denied with $10 costs.

DUTCHESS SPECIAL TERM, November 1, 1852. *Barculo*, Justice.]