———o-o-o———

## ATKINS *vs.* BAHRETT.

A covenant to sell real estate, and convey the same by a warranty deed, is not satisfied by the delivery of a deed containing the usual covenant of warranty, so as to pass whatever estate the grantor has in the lands, if the grantor in fact owns only a portion of the premises.

The deed must be an operative conveyance, and pass to the grantee a perfect and complete title to the lands agreed to be conveyed.

APPEAL by the defendant from a judgment entered at a special term, upon the verdict of a jury. The action was brought upon a written agreement, signed by the parties, by which the defendant covenanted to sell to the plaintiff a certain lot of ground, real estate and premises situate in the village of Poughkeepsie, for the consideration of $1575. The deed was to be a warranty deed, and the wife of Bahrett was to unite with him in the deed, which was to be duly acknowledged, ready for record, on the first day of April ensuing the date of the written agreement. Atkins, on his part, covenanted to pay $200 of the consideration money at the time of the execution of the agreement, and the residue at the time appointed for the delivery of the deed, from which time he was to take the rent, and have the actual possession on the first day of May thereafter. The proof taken at the circuit established, 1. The payment of the $200 by the plaintiff to the defendant. 2. That at the time and place appointed for the delivery of the deed, the defendant, in execution of his covenant, tendered to the plaintiff a deed with the usual covenant of warranty for the lands referred to in the agreement, duly executed and acknowledged by himself

and wife, and demanded payment of the sum of $1375, the balance of the purchase money, which Atkins declined to accept, alleging as a reason that Bahrett had not the title to the lands he proposed to convey. Atkins also at the same time demanded from Bahrett the repayment of the $200, with the interest. 3. It also appeared by the production of the title deeds that the defendant was owner in fee of one-fifth part of the premises mentioned in the deed, the remaining four-fifths being the property of his mother, brother and two sisters. The action was brought to recover back the $200 with the interest, for which the plaintiff had judgment; the trial being at the Dutchess circuit before Mr. Justice DEAN, without a jury.

*J. F. Barnard,* for the plaintiff. I. A covenant to convey land requires the vendor to give a perfect title, and is not satisfied by a deed which conveys nothing, or an imperfect title. (14 *Barb.* 418. 2 *John.* 595. 11 *id.* 525. 17 *Wend.* 244. 4 *Comst.* 396.)

II. The cases of *Gazley* v. *Price,* (16 *John.* 267,) and *Parker* v. *Parmele,* (20 *id.* 130,) are inapplicable. They only decide that a failure of consideration could not be set up in answer to an action on a sealed instrument, and *Parker* v. *Parmele* approves the principle that assumpsit will lie for money paid under a sealed instrument, the consideration of which has failed.

III. The cases of *Gazley* v. *Price* and *Parker* v. *Parmele* are not authority; they conflict with antecedent cases; (*Clute* v. *Robison,* 2 *John.* 595,) and *Judson* v. *Wass,* (11 *id.* 525,) and with subsequent cases, (*Carpenter* v. *Bailey,* 17 *Wend.* 244, and *Fletcher* v. *Button,* 4 *Comst.* 396,) and are in terms overruled by Justice Barculo, in *Pomeroy* v. *Drury,* (14 *Barb.* 418.)

IV. The agreement in this case shows that title to the land, and not an inoperative conveyance, was called for.

*Jackson & Wilkinson,* for the defendant. I. The defendant has strictly, in letter and spirit, performed the agreement. (*Gazley* v. *Price,* 16 *John.* 267, 269. *Parker* v. *Parmele,* 20 *id.* 130.) A deed containing the usual general warranty of quiet

and peaceable possession, is a warranty deed within the mean-
ing of this contract, and the covenant has reference merely to
the undisturbed possession, and not to the grantor's title; and
the plaintiff cannot avoid the contract because the defendant had
not good title, any more than he could establish a breach of the
covenant for quiet possession, by showing that the defendant had
not good title. ( *Waldron* v. *McCarty,* 3 *John.* 471, 473. *Kortz,*
v. *Carpenter,* 5 *id.* 120. *Whitbeck* v. *Cook,* 15 *id.* 483, 490.)
The agreement does not call for covenants as to title, nor for the
"usual full covenants," nor for "a good and sufficient deed of
conveyance," nor for "a good and sufficient warranty deed of the
above described land, free from all incumbrances," and in this
respect differs from *Fletcher* v. *Button,* (4 *Coms.* 396,) and from
the cases cited in *Pomeroy* v. *Drury,* (14 *Barb.* 418;) but merely
for "a warranty deed," which is fully met by a deed containing
the covenant for quiet possession. This the deed tendered con-
tained, and no additional covenant is to be implied; (1 *R. S.*
738, § 140;) and the rule is the same as to an agreement to
convey.

II. The peculiar phraseology of the agreement shows that the
parties *intended* to contract, and the intention should govern,
(*Pomeroy* v. *Drury,* 14 *Barb.* 418,) with direct reference to the
state of the Clancy family, and that the purchaser designed to
rely solely on the covenant for quiet and peaceable possession.
The death of Mary, Ann and James Clancy, and of the widow,
may have been known to the contracting parties or presumed
from prolonged absence beyond sea, and either would justify an
agreement for a covenant for quiet possession, and the only reme-
dy of a purchaser under such circumstances should enure on his
being evicted. The cases are numerous, where the title is *in fact*
good, though not good on the record, as where by the death of
son or father the title is perfected in the survivor, who is but
one of the two grantees on the record, but who is sole grantor
to the purchaser under the agreement.

III. The plaintiff having sued to recover back money paid un-
der the agreement, solely on the ground that the defendant had
not good title, was bound to prove not only that the defendant's

title was defective upon the record, but that he had not good title in fact, by showing that some öne of the Clancy family, other than John, was living when the deed was tendered. The decision in *Pomeroy* v. *Drury,* (14 *Barb.* 418,) turned on the defective title in fact, the wife having refused to join in the conveyance. The fact was proved that the premises were incumbered by an inchoate right of dower. A legal title in point of fact is sufficient; (*Jeakes* v. *White,* 14 *Eng. L. & Eq.* 350;) and the defendant must be presumed to have had such title, until the contrary be shown by the plaintiff, on whom rested the burden of proof, although such burden might have rested on Bahrett, had he filed his complaint for specific performance. In this action Atkins holds the affirmative, and the case is not varied by Bahrett's demanding in his answer affirmative relief. Bahrett is entitled to retain the $200 as a forfeiture, until Atkins shows a defective title in fact.

*By the Court,* BROWN, J. The question determined at the special term and now to be re-examined on appeal, arises upon the construction of the defendant's covenant to convey; whether it is sufficiently executed by the delivery of a deed with the usual covenant of warranty so as to pass whatever estate the grantor had in the lands, or whether the deed should not also be an operative conveyance, and pass to the grantee a perfect and complete title to the lands therein described. This precise question has been much litigated, and a great variety of cases may be found in the books, in which it has in various forms engaged the attention of the courts. It has, as was to be expected, given rise to conflicting decisions, but may now be regarded as definitely settled by the authorities to which I shall briefly refer.

The cases of *Gazley* v. *Price,* (16 *John.* 267,) and *Parker* v. *Parmele,* (20 *John.* 130,) are authorites in favor of the proposition that such a covenant relates merely to a conveyance of such interest and title as the covenanter has in the lands, and not to a valid and substantial title. In the last named case Mr. Justice Spencer says that when he delivered the opinion in

*Gazley* v. *Price* he supposed he not only expressed the opinion of his brethren but had also given effect to the spirit of all the antecedent cases on the subject. Yet it is impossible to say now that the decision is not in conflict with *Clute* v. *Robison,* in the court of errors, (2 *John.* 595 ;) *Judson* v. *Wass,* (11 *id.* 525 ;) and *Van Eps* v. *The Corporation of Schenectady,* (12 *id.* 442,) as they are reported. When this same question re-appeared in *Carpenter* v. *Bailey,* (17 *Wend.* 244,) the discrepancy to which I refer was noticed by Ch. Justice Nelson. The cases of *Gazley* v. *Price,* and *Parker* v. *Parmele,* (notwithstanding the observation that it was not designed to interfere with any previous decisions,) were in effect overruled, for it was held that a covenant to procure from a third person a good and sufficient deed of conveyance in fee simple of certain lands imposed an obligation to procure a deed which would be operative and effectual to convey the title. Mr. Justice Bronson dissented, saying it was impossible to distinguish the case from *Gazley* v. *Price,* and *Parker* v. *Parmele.* The authority of these cases is again questioned in *Fletcher* v. *Button,* (4 *Com.* 396,) where Judge Ruggles remarks that " the reasoning in these cases falls short of showing that a covenant to execute a good and sufficient deed of conveyance is satisfied by a deed which conveys nothing." In *Pomeroy* v. *Drury,* (14 *Barb.* 418,) the late Mr. Justice Barculo declares it " safe to say that *Gazley* v. *Price* and *Parker* v. *Parmele* are no longer authorities for holding that a covenant to convey lands by warranty deed on a sale, refers only to the form and sufficiency of the deed, and not to the title conveyed." After an elaborate and careful examination of the authorities he arrives at the conclusion that " when a man buys a piece of land and contracts for a conveyance, in general terms, the presumption is that he expects the title, and the grantor should be required to give him a perfect title." He quotes for authority *Hunter* v. *O'Neil,* (12 *Ala. R.* 37 ;) and *Tharin* v. *Ficklin,* decided in the court of appeals of South Carolina, (2 *Rich. R.* 361.) The rule as stated by him gives effect to the true intention of the parties

to such contracts, and its justice, morality and good sense must be apparent to all. When applied to the case under consideration it is decisive against the defendant.

The judgment is affirmed.

[Orange General Term, April 3, 1855. *Brown, S. B. Strong* and *Rockwell,* Justices.]