# McCord et al. v. Massey.

1. CONTRACTS FOR CONVEYANCES—*Inchoate Right of Dower.*—Where a party has contracted to convey lands with covenants of general warranty, or against incumbrances, an existing right of dower, although inchoate, will constitute a good defense to a proceeding on the part of the vendor for a specific performance of the contract, unless the vendee has waived the right to object to the title. The rule is the same where the vendor institutes an action at law against the purchaser to recover damages for non-performance of the contract.

2. CONTRACTS FOR CONVEYANCES—*Construction of Title.*—A contract to give good and sufficient deed is a contract to give a good title, free from incumbrance.

3. INCUMBRANCE—*Inchoate Right of Dower—Damages.*—An inchoate right of dower is an incumbrance; and the covenantee can recover the damages sustained by him, on account of such incumbrance, not exceeding the consideration money and interest.

4. INCUMBRANCE—*Right of Recovery upon Removal.*—Where a covenantee extinguishes an incumbrance, he can recover the amount which he has fairly and reasonably paid for this purpose, the burden of proof being upon him to show that the incumbrance was really worth what he has paid, the mere fact of payment being, in general, no evidence of this.

5. INCUMBRANCE—*Recovery upon Removal—A Better Rule.*—It would seem to be a better rule that where the covenantee has given notice to the covenantor to remove an incumbrance, and he, a reasonable time having passed, has failed to do so, if the covenantee then in good faith proceeds to buy up the incumbrance, proof of such facts would constitute *prima facie* evidence that the amount paid was reasonable.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

## STATEMENT OF THE CASE.

On the first day of September, 1890, appellee and appellants entered into a written agreement, whereby appellee agreed to sell to appellants certain premises situated in the county of Cook and State of Illinois, containing fourteen and sixty-eight hundredths acres, more or less. Appellants agreed to pay for said premises $17,000, and appellee agreed

McCord v. Massey.

to convey the same to appellants, or their assigns, by good and sufficient warranty deed, conveying good title to said premises. Appellants also agreed to subdivide said premises and to make a sale for the choice of lots of such subdivision, and devote the money derived from the sale for the choice of lots, toward the payment of part of the purchase money. Part of the purchase money was to be paid in cash and the balance by purchase money trust deeds upon the lots of such subdivision. Appellee also agreed to furnish a complete abstract of title to said premises.

The abstract of title was furnished to appellants, who had their attorney examine the same; he pronounced the title to said premises good in appellee, free and clear of all liens and incumbrances. Appellants paid $8,000 in cash on account of the purchase price and delivered to appellee trust deeds amounting to $2,286.85, and appellee himself took one of the lots to an agreed valuation of $643.45.

Subsequently appellants discovered that the wife of one William Duhn had an inchoate right of dower in said premises, and thereupon refused to pay the balance of the purchase price. This suit was then instituted in the Superior Court of Cook County by appellee for the recovery of the balance claimed to be due him on account of the purchase price of said premises.

Appellants having notified appellee of the dower right of Mrs. Duhn, asked him to procure a release of the same; he made some effort to do so, but failed, and some time thereafter appellants, by paying to Mrs. Duhn the sum of $5,500, obtained a quit-claim deed from William Duhn and wife to appellee, releasing her dower.

Upon the trial the court found the issues for the plaintiff, and assessed his damages at $6,916.13, being the face and interest of the unpaid purchase money notes. From the judgment thereon rendered this appeal is prosecuted.

Campbell & Custer, attorneys for appellants.

Runyan & Runyan, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The principal question presented in this case is whether an inchoate right of dower is such an incumbrance upon or defect in the title of premises, that a party covenanting to convey good title by a good and sufficient warranty deed, is bound to remove the same or pay such damage as the covenantee has suffered by reason of such right of dower.

In Scribner on Dower, Vol. 2, p. 4, it is stated that " Where a party has contracted to convey lands with cove-. nants of general warranty, or against incumbrances, an existing right of dower, although inchoate, will constitute a good defense to a proceeding on the part of the vendor for a specific performance of the contract, unless the vendee has waived the right to object to the title. The rule is the same where the vendor institutes an action at law against the purchaser to recover damages for non-performance of the contract."

A contract to give a good and sufficient deed is a contract to give a good title free from incumbrance. Rawle on Cov. for Title, Sec. 32; Carpenter v. Bailey, 17 Wend. 244; Fletcher v. Button, 4 Comstk. 400; Pomeroy v. Drury, 14 Barb. 424; Brown v. Cannon, 5 Gil. 174; Morgan v. Smith, 11 Ill. 199; Thompson v. Shoemaker, 68 Ill. 256.

An inchoate right of dower is an incumbrance. Rawle on Covenants for Title, Sec. 77; Shearer v. Ranger, 22 Pick. 447; Bigelow v. Hubbard, 97 Mass. 195; Fitts v. Hoitt, 17 N. H. 530; Jones v. Gardner, 10 Johnson 266; Ketchum et al. v. Evertson, 13 Johnson, 359; Beardslee v. Underhill, 37 N. J. Law, 310; Porter v. Noyes, 2 Greenl. 22; Carder v. Executors, 3 Zabriskie, 260; Greenwood Lyon, 10 Smedes & Marshall, 615; Parks v. Brook, 16 Ala. 529; Bitner v. Brough, 11 Pa. St. 127, 137.

The covenantee can recover the damages sustained by him, on account of such incumbrance, not exceeding the consideration money and interest. Brooks v. Moody, 20 Pick. 474; Porter v. Bradley, 7 R. I. 538; Delavergne v. Norris, 7 Johnson, 359; Green v. Tallman, 20 N. Y. 191;

McCord v. Massey.

Bitner v. Brough, *supra;* Prescott v. Trueman, 4 Mass. 628; Batchelder v. Sturgis et al., 3 Cush. 201; Harlow v. Thomas, 15 Pick. 66; Hatcher et ux. v. Archer, 5 Bush (Ky.) 561; Whistler v. Hicks, 5 Blackf. 100; Sedgwick on Dams., Sec. 979; Willets v. Burgess, 34 Ill. 494.

If the covenantee has extinguished the incumbrance he can recover the amount which he has fairly and reasonably paid for this purpose, the burden of proof being upon him to show what the outstanding title or incumbrance was really worth, the mere fact of payment being, in general, no evidence of this. Rawle on Covenants for Title, Sec. 192; Harlow v. Thomas, 15 Pick. 66; Anderson v. Knox, 20 Ala. 156; Dickson v. Desire, 23 Mo. 167; Walker v. Deaner, 5 Mo. App. 139; Pote v. Mitchell, 23 Ark. 590; Sedgwick on Dams., Sec. 980; Guthrie v. Russell, 46 Ia. 269; Brandt v. Foster, 5 Ia., 287.

It would seem to the writer of this opinion that the better rule would be that, where the covenantee has given notice to the covenantor to remove an incumbrance, and he, a reasonable time having passed, has failed to do so, if the covenantee then in good faith proceed to buy up the incumbrance, proof of such facts would constitute *prima facie* evidence that the amount so paid was reasonable, as to which see, Newell v. Sass, 43 Ill. App. 579; Kelroy v. Remer, 43 Conn. 129–138; Clapp v. Hardman, 25 Ill. App. 509–515; Coburn v. Litchfield, 132 Mass. 449; Hildreth v. Fitts, 53 Vt. 684–690; Hartshorn v. Cleveland, 19 Att. Rep. 974; Atchinson v. Steamboat, 14 Mo. 63–69.

The majority of the court think otherwise, and I am not prepared to say that the authorities go to such extent.

In Anderson v. Knox, *supra*, the plaintiff proved what he had paid to remove an incumbrance, and then offered to show that the sum paid was reasonable; to this offer the defendant's objection was sustained; a verdict and judgment for the plaintiff, on the evidence admitted, was reversed by the Supreme Court, the court saying that unless proof was made that the amount paid was reasonable, a judgment therefor could not be sustained.

The action of the Alabama court in allowing the defendant the benefit of an error he had caused, is opposed to the action of this court in Stearns v. Reidy, 33 Ill. App. 246; nevertheless, the decision is an authority for the position that proof that the amount paid was reasonable must be made.

No sufficient evidence that the amount paid was reasonable having been given in the case at bar, the judgment for the plaintiff for the amount of the purchase money notes is therefore affirmed.