Per Curiam.
The covenants between the parties were dependent. plaintiff was to convey on the 1st of Map, and the defendant on that day was to pay 500 dollars, being a part of the consideration. The intent and good sense of the contract was, that the 500 dollars were not to be paid, unless the deed was ready for delivery. They were to be concurrent acts; and this was the construction of a similar contract in the case of Green v. Reynolds. (2 Johns. Rep. 207.) So also the deed was not to be delivered without the payment of the 500 dollars, and .a bond and mtirtgage *273 for the residue of the purchase-money. Taking the contract together, this was the just and sound construction.
The deed was, however, tendered, and the boundaries of the land therein mentioned were according to the description given by Gilbert himself in a mortgage from him to the plaintiff. But this Was not a compliance with the covenant, for by that the cónvey- ' atice was to be of the farm, of land on which Samuel Gilbert lived, and it is in proof, by the testimony of Gilbert, that the description in the mortgage did not embrace all his farm, but left out, at least, half of all his exterior fences. There was also another objection to the deed, which was, that the wife of the plaintiff had not executed it with the solemnities required by law to bar her dower; and as the plaintiff, by the contract, was to give a sufficient deed to vest in the defendant “ the title of the said farm,” the deed was imperfect, and did not, in this respect, fulfil the contract. The title meant the legal estate in fee, free and clear of all valid claims, liens, and encumbrances whatsoever. It is the ownership Of land, the dominum directum et absolutum, without any rightful participation by any other person in any part of it. If the plaintiff’s wife had a contingent life estate in one third part of the farm, the defendant had not a clear and absolute title. If this claim of dower was not inconsistent with the title to be vested in the defendant, it would be difficult to maintain that any other life estate in the same, in reversion or remainder, or any judgment or other lien thereon, would be incompatible with it; and the title might thus be embarrassed and weakened, until it had lost all its value and strength.
For want, then, of showing the tender of a sufficient deed fo convey the title, the defendant is entitled to judgment.
Judgment for the defendant!