Tilghman C. J.
(After stating the case.) If nothing else was intended by the articles of agreement, than that the plaintiff should re-convey to Welsh the title derived from the commissioners which Welsh was first to procure to be vested in him, then indeed there can be no objection to the plaintiff’s recovery in this suit, because Welsh has the title from the commissioners vested in him already, and it was impossible for the plaintiff to convey what* through Welsh’s default, he never had. The law is clear, that if a man by his own act, prevents me from doing what I covenanted to do in his favour, he thereby discharges me from the covenant. But this is not the meaning of the articles. The plaintiff was to make a lawful deed of Conveyance: that is, he was to convey a lawful title, for which he was to receive the full value of the land. It does not appear, that the plaintiff had any title whatever: but from his taking letters of administration on the estate of Randolph Dearth, in whose name the land was assessed when it was sold for taxes, it would seem as if he was endeavouring to derive some title under him. Sales for taxes have been seldom so conducted as to give a good title to the purchaser. It would, therefore, require clear expressions in the articles, of agreement, to induce the conclusion, that 3 dollars and 75 cents an acre was meant to be given for no more than the title under the sale for taxes. But the expressions are by no means clear to that purpose. On the contrary, a lawful deed of conveyance may be fairly understood a deed conveying a lawful or a good title.
But it has been urged by the plaintiff, that supposing this to *501 be the construction of the articles, it was the business of the defendants to. prepare the deed, and tender it to the plaintiff for execution. If the-plaintiff had told the defendants, that he could shew a good title, which he was ready to convey, if they would have a deed prepared, we might then enter into the consideration, whether the plaintiff or defendants was bound to have the deed drawn. But the plaintiff having covenanted to make a lawful deed was at least bound to produce his title to the defendants, and offer himself ready to execute a deed. For without a sight of the papers it would not be possible for the defendants either to prepare a deed or form a judgment of the goodness of the title, which they had a right to be satisfied of before they paid the purchase money. • • ■
The Court of Common Pleas were not in an error, therefore, when they directed the jury, “ that some other interest “ than that derived from the commissioners was to- be con- “ veyed by the plaintiff: and that;a conveyance ought to “ have been made and tendered, or at least offered to-have <£ been made, before he could be entitled to recover in this “• suit.” I am of opinion, that the judgment should be affirmed.
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment affirmed.