## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

## OXFORD.

### SEPTEMBER TERM,

### 1822.

---

### READ, ADM'R v. CUMMINGS & AL.

Where one seised of an equity of redemption in land, gave a bond to a stranger, conditioned to convey to him a part of the land in fee with general warranty, on the payment of certain notes given by him for the purchase money, and then died insolvent, the original mortgage being still unpaid ;—it was holden that the legal representative of the obligor might recover the amount of the notes, the remedies being mutual and independent.

This was *assumpsit* upon a note of hand made by the defendants to the plaintiff's intestate, and came before the Court upon a case stated, containing the following facts.

The plaintiff's intestate, on the 25th of *March* 1806, purchased of the trustees of *Phillips' Academy* about 9000 acres of land in township *No. 4,* now *Greenwood,* for the consideration of 5500 dollars; for which sum he gave his own note of hand payable in six years with interest; to secure the payment of which he at the same time mortgaged the same land to the trustees in fee.

On the 2d of *January* 1818 the plaintiff's intestate bargained to the defendants a lot being part of the mortgaged tract, giving them his bond conditioned for the giving of a good and lawful warranty-deed of the lot to them, upon the payment to him of their three several notes of hand of the same date, given for the purchase-money.

The defendants thereupon entered upon the lot, and paid a small part of one of the notes. The intestate afterwards died;

this action was then commenced ;—and then the trustees entered into the *whole tract* for breach of the condition of their mortgage, the amount due thereon being upwards of ten thousand dollars.

After this, the estate of the intestate was represented insolvent, and commissioners were duly appointed to receive and examine claims, pursuant to the statute. And the question was, whether, upon these facts, the plaintiff could recover.

*Greenleaf* and *L. Whitman* argued for the defendants.

1. The bond and notes, being of the same date, are to be taken together as one entire contract. *Thorpe v. Thorpe,* 1 *Salk.* 171. *Johnson v. Read,* 9 *Mass.* 81. *Holbrook v. Finney,* 4 *Mass.* 569. *Hubbard v. Cummings,* 1 *Greenl.* 12. Being thus taken, they shew a contract *executory* on both sides,— the obligor to give a deed, and the obligees to pay money. The *land,* and not the *remedy,* is the only subject matter of the contract ; and the defendants accordingly went into immediate possession. They intended, and reasonably expected to acquire, for their money, the *absolute and unincumbered estate* in fee-simple. The plaintiff's intestate had engaged to give them " *a good and lawful warranty-deed of the lot.*" And this, in common parlance, means a deed with the covenants usually inserted in warranty-deeds ;—and covenants too, not broken as soon as made. *Jones v. Gardiner,* 10 *Johns.* 266. *Porter v. Noyes, ante p.* 22. The defendants had a right to rescind the contract on discovery of the intestate's incapacity to convey a clear and unincumbered title ;—and this incapacity being now rendered permanent by his death and insolvency, payment of the notes ought not to be enforced.

2. But if the bond and notes are, on general principles, to be taken as independent and absolute stipulations, on which mutual remedies may exist ; yet such mutual remedies exist only where there is a perfect reciprocity between the parties in respect of the remedy ;—which *here* is not ;—the common law as to the matter being altered by the statute of insolvency, *Lyman v. Estes,* 1 *Greenl.* 182. *Stat.* 1821, *ch.* 51.

*Longfellow* and *S. Emery*, for the plaintiff.

The facts stated furnish no defence to the action, unless they disclose either fraud, want of consideration, or an equitable offset.

The *first* of these is not pretended.

As to the *second,* the bond alone is a sufficient consideration for the notes. It is an absolute and independent stipulation on the part of the obligor, to execute a deed upon payment of the money. The payment is a condition precedent, and it is by the performance of it that the obligor was to be enabled to obtain the indefeasible title the defendants would wish to receive. This point has been settled by authority. *Smith v. Sinclair,* 15 *Mass.* 171.

Nor is here any equitable claim ; for none can exist until the defendants have paid money to relieve the land, which it appears they have never done. In *Lyman v. Estes* the deed had been given and the incumbrance actually paid off by the defendant, and therefore the equitable claim was well founded. The present is merely the common though unfortunate case of a remedy, legal in form, but fruitless in effect, against the estate of a bankrupt.

MELLEN C. J. delivered the opinion of the Court.

The note declared on, and two others of the same date, were given for the price of a parcel of land ; for the purchase of which the defendants contracted with *Jonathan Cummings,* the intestate, who gave them a bond with conditions to execute and deliver to them a good and lawful deed of warranty of the land, upon payment of said three several notes. *Cummings* the obligor died insolvent, and his estate is under a commission of insolvency. The notes not having been paid, *Reed,* the administrator, sues this action, to enforce the payment of one of them. The defendants' counsel contends that as they cannot by law maintain any cross action against the administrator on the beforementioned bond of the intestate, in consequence of the commission of insolvency on his estate ; and as they would not be indemnified by a dividend of an insolvent estate, even if such action could be maintained ; and as they cannot obtain a

deed of the land according to the condition of the bond, they ought to be permitted, in this action, to shew the foregoing facts in their defence; as they all relate to the same contract and transaction, according to the principles of the case of *Lyman, adm'r v. Estes*, 1 *Greenl.* 182. In that case *Lyman* the intestate had conveyed a piece of land to *Estes* with the usual covenants of seisin and freedom from incumbrances; and *Estes* gave his promissory note for the price. *Lyman* died insolvent, and in an action by his administratrix, founded on the note, it appeared that before the conveyance to *Estes*, *Lyman* had mortgaged the land; and *Estes*, after *Lyman's* death, had paid off the mortgage; and this Court allowed and directed such payment to be deducted from the amount due upon the note declared on; considering the payment as in effect made to the administratrix, because it had gone to the benefit of the estate. But the two cases essentially differ. In the first place *Estes* had a perfect right of action against *Lyman* his grantor, in his life time, for the breach of the covenant in his deed that the land was free from incumbrance. This covenant was broken the moment it was made, and damages might have been recovered against *Lyman*, when living or claimed before the commissioners on his estate. In the second place *Estes* had removed the incumbrance, by paying the sum to the mortgagee. In the present case the defendants have not as yet acquired a right of action against any one, or laid the foundation for a claim before commissioners; and they cannot present a legal claim of any kind till the notes abovementioned have been paid. If *Cummings*, the obligor, were now living, no action could be maintained against him; for the obvious reason that the condition of his bond has not been broken. *Thorpe v. Thorpe*, 1 *Salk.* 171, 3 *Leon.* 219. Even if our statute had permitted a bond, to be set off against a note in an action upon the note, still, in this action, such set off could not be made; because a set off always presupposes, and is in fact founded upon, an existing right of action upon the demand so set off; and it is a substitute for a cross action in certain cases, where a defendant inclines to adopt that course of proceeding.

As well might we in this action permit the defendants to defeat it by shewing that they hold a promissory note against the es-

tate for a larger sum, although not payable, by the terms of it, till some future day. We therefore cannot, according to the spirit of our decision in *Lyman v. Estes*, admit this defence on the ground of insolvency, and for the reasons assigned for our opinion in that case. According to the case of *Smith v. Sinclair*, 15 *Mass.* 171, and *Lloyd v. Jewell & al.* 1 *Greenl.* 352, the bond constituted a good and legal consideration for the note; of course there is no defence on this ground.

But still it is contended that though the bond did constitute a good and legal consideration for the notes, yet as the intestate had disabled himself to perform the condition of the bond, the defendants are discharged from their liability on the notes; because of the manifest injustice which would be the consequence of their being obliged to part with their money without the possibility of an equivalent; and the case of *Jones v. Gardiner*, 10 *Johns.* 266, has been cited in support of the argument.—That case has little resemblance to this.—It was an action on an agreement by which the defendant agreed to pay a certain sum to the plaintiff whenever he should receive from him " a good and sufficient deed in law to vest him" (the defendant) " with the title of the farm of land with the appurte-" nances" which was the subject of the contract.—The deed tendered by the plaintiff was incorrect in the description of the boundaries,—and not containing all the farm. Besides, the wife of the plaintiff had not legally extinguished her contingent right of dower in the farm. The Court decided against the action for the above reasons.

In short, whatever inclination we may feel to sustain the defence which has been urged, we cannot find any legal principles on which it can be supported.

The defendants will probably be sufferers, and lose the sum, or a large part of it, which they are thus compelled to pay. But the law is liable to no imputation on this account. They should have guarded against loss, occasioned by the insolvency of the intestate, by insisting on his giving bond with sufficient sureties. Not having done this, they must submit to the inconveniences resulting from their own inattention.—The defendants must be called.