### BEACH *vs.* STEELE.

Where a contract in writing was made by an individual for the payment of a certain sum, if he succeeded in effecting a sale of land, of which he had a bond for a deed—*Held*, that parol evidence of an agreement, at the same time with the writing, showing a different sum to be paid, was inadmissible.

Where a contract is made to convey land, by a good deed of warranty, *quere* whether such contract is limited to the mere form of the deed, and does not require a conveyance with title.

Where an individual contracted to pay a certain sum, provided he could effect a sale of lands bonded to him, and received a deed for this purpose—*Held*, that he was under no obligation to effect a sale of the land, when an opportunity occurred to dispose of the same, provided the title proved doubtful.

Also, that where a contract of sale had been made by him, he might rightfully rescind it for the same cause.

ASSUMPSIT. Plea, the general issue. The declaration consisted of four counts. The first count was founded on a note given by the defendant to the plaintiff, on the 24th of August, 1835, for the sum of $200, payable when the defendant or one Platt should sell seventeen hundred acres of land bonded to the defendant by the plaintiff, and when the amount was received in payment of the land; and the plaintiff averred that the land was sold on the 9th of July, 1836, and payment was received for the same on that day.

The second count alleged that the plaintiff, on the 3d of May, 1835, executed to the defendant a bond, in the penal sum of $1000, conditioned, that on payment of twenty cents per acre by the defendant, the plaintiff, within eight months from the date of the bond, would, as administrator of the estate of Thomas Beach, execute to the defendant a deed of

certain described parcels of land in the town of Stratford, in the county of Coos ; and the plaintiff farther alleged, that subsequently, on the 24th day of August, 1835, he covenanted, in writing on the back of the bond, in consideration of two hundred dollars, to convey the land to the defendant *by a good deed of warranty*, on payment to the plaintiff of the twenty cents per acre ; and the plaintiff alleges, farther, that in consideration of the agreement indorsed on said bond, the defendant promised the plaintiff to pay him $480, in addition to the sum of twenty cents per acre for the land, whenever the defendant, or one David Platt, should have sold and received payment for the same ; and the plaintiff averred that he executed such deed of warranty to the defendant, and that the defendant, on the 9th of July, 1836, sold and received payment for the land.

The third count was the same as the second, except that it alleged that, on the execution of the deed from the plaintiff to the defendant, the defendant paid the sum of twenty cents per acre ; and the plaintiff claimed under this count the additional compensation merely of $480, promised to be paid by the defendant.

The fourth count was for money had and received.

The plaintiff offered in evidence under the first count a note or contract signed by the defendant, in tenor as follows :

"For value received, I promise Samuel C. Beach two hundred dollars, provided I can, or do sell the seventeen hundred acres of land bonded to me by said Beach ; or, provided said Platt sells said land, when the amount is received in payment of said land.                    James Steele."

" August 24th, 1835."

He also offered evidence tending to show that the defendant, in July, 1836, had sold a part of the seventeen hundred acres of land, and had received payment therefor, and that he had a reasonable opportunity to sell the remainder, but that he neglected so to do.

Under the second and third counts, the plaintiff offered in

evidence a bond, and indorsement thereon, as declared upon in said counts. The indorsement on the back of the bond was as follows:

"For the consideration of two hundred dollars, received to my full satisfaction of James Steele, within named, I promise to convey the within described land, in my bond to said Steele, by good deed of warranty to said Steele, on the payment to me of twenty cents per acre. In testimony whereof I have hereunto set my hand and seal, this 24th day of August, A. D. 1835.          Lawrence C. Beach." (Seal.)

The plaintiff also offered to show by David Platt, and certain writings executed betwixt Platt and the defendant, that on the 24th day of August, 1835, it was agreed between the plaintiff and defendant, that if the plaintiff would convey the lands mentioned in the bond, *by deed of warranty*, the defendant would pay to the plaintiff, in addition to the amount specified in the bond and indorsement, the sum of $480, after the defendant or Platt should sell the land and receive payment of the same, and that the contract, or note declared on, in the first count, was given for $200, as part of said $480.

It was admitted by the plaintiff that the contract declared on in the first count, and the contract, or indorsement, on the back of the bond, were made and entered into at the same time when the contract as to the $480, declared for in the second and third counts, was claimed to have been made.

The testimony of Platt, and the writings betwixt him and the defendant, were objected to by the defendant, and were ruled out by the court, on the ground that the contract declared on in the first count, and the indorsement on the bond being reduced to writing, the testimony of Platt was inadmissible to vary or alter them.

It appeared that the defendant, prior to July 9th, 1836, made a deed of one thousand acres of said lands, purporting to convey the same to one Seth Cushman, and that Cushman made a bargain for the sale of the same, and executed a deed to one Greaves, and took Greaves' notes for the land; and that,

by the same bargain of sale, it was at the option of Cushman to have embraced the residue of said seventeen hundred acres of land in said deed, of which Cushman notified the defendant, and that the defendant refused to sell, alleging that the remainder of the land was valuable for its timber.

There was evidence tending to prove that Cushman was employed by the defendant as his agent to sell the lands, and he testified that they were conveyed to him by the defendant for that purpose merely ; and that the sale to Greaves was on condition that if the title failed to said lands, other lands were to be substituted by Cushman, or the notes given for the land reduced *pro rata*, at Cushman's option.

Cushman testified that, after a while, Greaves became dissatisfied with the title to the lands, and instituted proceedings in chancery in New-York, to set aside the sale and vacate the contract; that he was compelled to give up the bargain, and never received any thing as the proceeds of said sale, nor did he ever pay any thing to the defendant on account of the proceeds of the sale.

The plaintiff introduced a deed of the seventeen hundred acres of land, dated January 2, 1836, from himself to the defendant, and the defendant introduced the copy of a quitclaim deed from the Coos registry of deeds, from Rispale Loomis and others, heirs of Thomas Beach, to the plaintiff, dated June 21, 1837, and recorded May 24, 1839, conveying all their right, as heirs to said Thomas Beach, in the seventeen hundred acres of land.

On cross examination by the defendant, Cushman testified that after the execution of the deed of Cushman to Greaves, it was agreed between himself and Greaves that Joseph Bell, or Ira Young, esquire, should examine as to the title to the lands ; and if all or any part should be pronounced, or ascertained by them to be bad, the substitution of other lands, or an indorsement on Greaves' notes should take place, and that to the proceedings in chancery was appended the letter of Ira Young, in which the opinion was expressed that Steele had not a good title to a single acre of said lands.

The letter was not produced on the trial, nor the proceedings in chancery ; and the plaintiff objected to parol proof of the facts set forth in the letter. The objection, however, was overruled by the court.

The court instructed the jury, that if they found the defendant had sold the land, and received the price for which it was sold, before the commencement of the suit, or had unreasonably neglected to sell the same, provided the defendant had a good title to the lands, the plaintiff was entitled to recover the amount of the note set forth in the first count ; and that if the defendant had not a good title to the land, he was not bound to sell ; and that the plaintiff's deed to the defendant, or his contract with him, did not impose upon him the duty of selling the lands while the title remained in the heirs of Thomas Beach.

Whereupon the jury returned a verdict for the defendant, and the plaintiff moved for a new trial, on account of the rulings of the court in rejecting evidence offered by the plaintiff, and improperly admitting evidence offered by the defendant ; also, for instructing the jury that Steele was not bound to sell, if he had not good title to the land, and that the plaintiff's deed did not impose upon the defendant the duty of selling, while there was an outstanding title to the land.

*Young*, & *Cooper*, for the plaintiff.   1. Can the plaintiff offer parol testimony to sustain his claim for the payment of the four hundred and eighty dollars ?   It is contended we are precluded from such testimony by the writing on the bond. The evidence of Platt was not offered to vary or contradict this writing, but to show an independent contract.   2 *Stark. Ev.* 548.

2. It is said that no title passed to the defendant by the plaintiff's deed, and therefore he was not bound to sell. He did, however, sell the land to Cushman, who made a farther conveyance of the same.

Beach *v.* Steele.

The plaintiff gave a deed of warranty of the land, as he engaged to do ; and his deed is made good, because the title subsequently obtained from the heirs enured to the benefit of the defendant.

3. The defendant was to sell, and receive his pay, and then pay the note.　He sold and received payment by note, and had no right to rescind the contract.　He retained part of the land for its timber ; but it was in his power to have effected a sale of the whole of it, and this imposes on him the same liability as though a sale had been effected.

4. The defendant was permitted to show by parol evidence the contents of the letter of Young, and the proceedings in chancery in New-York.　This is inadmissible.　It is new matter, and cannot be put in as a cross-examination of the plaintiff's witness.

*Goodall,* for the defendant.　1. Platt's testimony was inadmissible.　It relates to a contract made in writing, and its effect is to contradict and overrule such contract by a parol contract made at the same time.

2. The plaintiff contracted to sell the land to the defendant "by a good deed of warranty."　This he could not do without title.

3. The defendant was not to pay the note, or claim in suit, until he received pay for the land, and no payment was ever made.

4. The court will not grant a new trial, merely because evidence is admitted which is immaterial.　The plaintiff introduced Cushman to show a sale by him in New-York.　The defendant cross-examined him as to the whole facts in relation to the matter, and did not go beyond the true limits of a cross-examination.　Cushman had not the letter of Young, and it was not necessary to produce it.　The testimony was strictly admissible, and yet these facts are not essential to the defence.

Beach *v.* Steele.

UPHAM, J.   The writing on the back of the bond, and the note or contract, declared on in the first count, are conceded in the case to be part and parcel of the same contract. By this contract, the sum of two hundred dollars was to be paid, conditionally, in consideration of the conveyance of land by a good deed of warranty, and provided the land should be sold by the defendant, and payment received.

The testimony of Platt was offered to show a parol contract, made at the same time with the written contract, to pay four hundred and eighty dollars, instead of the two hundred dollars.   This evidence was rightly ruled out by the court, as inadmissible.

The contract is executory.   The sum named to be paid is not like the consideration of a deed which is executed, and where the amount stated is immaterial to the validity of the deed, or the effect on the parties.   The amount to be paid is here the most important portion of the contract.   This amount was specified in writing, and it is altogether incompetent to vary it by parol evidence of a contract for a different sum, made at the same time the writing was given.

We have, then, to enquire merely whether the conditions on which payment was to be made by the defendant have arisen.   It is contended, in the first place, that the plaintiff has not fulfilled the condition of a conveyance of the land by a good deed of warranty.   He has executed a deed which is perfect in its form ; but the plaintiff at the time had no title to the land, and did not acquire any until nearly a year after he alleges the defendant had sold the land.

Had the plaintiff covenanted to convey *the title* to the land, he would have been bound to convey the legal estate in fee, free from all valid claims, liens, or incumbrances whatsoever.   10 *Johns.* 266, *Jones* vs. *Gardner ;* 2 *Serg. & Rawle* 498, *Dearth* vs. *Williamson ;* 2 *Greenl.* 22, *Porter* vs. *Noyes ;* but a covenant to execute " a good warrantee deed of conveyance," has been holden to refer to the instrument only, and not to *the title.*   20 *Johns.* 130,

Beach *v.* Steele.

*Parker* vs. *Parmele;* 15 *Pick.* 546, *Finney* vs. *Ashley;* 4 *Paige* 628, *Everson* vs. *Kirtland.* It seems to me, however, that the parties, by a covenant of a good deed of warranty, ordinarily understand something more than a mere deed in perfect form, and that they intend by it a conveyance of title with warranty ; but it is unnecessary to determine this point. There are other conditions in the contract which are unfulfilled, so as to preclude the plaintiff in any event from recovering.

The land was conveyed by the defendant to Cushman, not as a sale, but preparatory to a sale to be effected by him. Cushman conveyed to Greaves, with the condition that, if the title to the land failed, the conveyance was to be void ; and provision was made, at the time of the sale, for an examination of the title by legal counsel, by whose determination the parties were to abide.

This examination was had, and a report was made in writing, that the title was wholly defective. For this cause the sale was not perfected, or was rescinded, or relinquished, and Cushman received nothing as proceeds of the sale, and paid nothing to the defendant.

Under these circumstances, there can be no pretence that the contract declared on is binding against the defendant, when it was made expressly on the condition that payment was to be rendered only in case he " could or did sell the land, and received payment for the same."

The case finds that only a portion of the land was contracted to be sold. It is said, however, that the defendant might, at the same time, have contracted to sell the remainder, and that he retained this portion as valuable timber lands. To this it may be answered, that, if he did not receive a fair offer for the lands, he should not have disposed of them ; and, also, that had he disposed of them at the offer made by Greaves, it would have been subject to the same terms as to title under which the rest of the lands

were contracted for, and which, owing to the defect of title, availed nothing.

Exception was taken in this part of the case to the cross-examination of the witness, in stating the proceedings in chancery in the state of New-York, and the substance of the report of the counsel as made in relation to the title to the lands, without producing copies of the proceedings, or of the report. But this testimony is immaterial. The only important question in this branch of the case, is, whether a sale in fact was made, or whether the defendant, or his agent, Cushman, acted in good faith in their endeavors to effect a sale. It is quite clear from the testimony, that the contract of sale with Greaves was dependent on the title. If this was defective, the contract was to terminate. Neither the defendant nor Cushman would be bound to insist upon it. If the parties were satisfied of themselves that the title could not be sustained, it was perfectly competent for them to relinquish it. They were under no obligation to sell under a defective title. The contract was relinquished. No sale was made, and no proceeds received; and as the obligation of payment depended on these conditions, the plaintiff has no claim to recover.

*Judgment for the defendant.*