## Defraunce *against* Brooks.

The rule which requires an express limitation to heirs in a fee simple conveyance of a legal estate, is not to be applied to an executory agreement, which is a conveyance only in equity.

ERROR to the District Court of *Mercer* county.
This was an action of ejectment by Robert A. Defraunce and

[Defraunce v. Brooks.]

others against William Brooks and Charles Woods. The plaintiffs, who claimed as the heirs of James Defraunce deceased, offered in evidence the following article of agreement, the execution whereof was duly proved:

May 27th, 1823.

Article of agreement made and agreed upon between Jacob Stricker of the one part, and James Defraunce of the other part; Witnesseth that the said Jacob Stricker doth agree to give to the said James Defraunce 125 acres and the allowance, out of the south-east corner of lot No. 96, in the fifth district of donation land, for the improvement that said James Defraunce has made on said lot; and said Jacob Stricker is to make said James Defraunce a good deed for said parcel of land; and in consideration of the same we hereunto subscribe our hands and seals.

JACOB STRICKER,  [Seal.]<br>JAMES DEFRAUNCE, [Seal.]

The court below was of opinion that this agreement gave but a life estate to the plaintiffs' ancestor, and therefore they were not entitled to recover in this action; and directed a verdict for the defendants.

*Stewart*, for plaintiff in error, cited 4 *Watts & Serg.* 17; 5 *Johns. Ch.* 184, 222; 1 *Dall.* 139; 11 *Serg. & Rawle* 329; 1 *Yeates* 393; 4 *Kent* 7; 1 *Sto. Eq.* 175; *Pl.* 159, 166, 168, 169, 172; 10 *Johns.* 495.

*Maxwell*, contra, cited 10 *Watts* 259; 3 *Watts & Serg.* 563; 1 *Whart.* 316.

PER CURIAM.—The Judge made a palpable error in applying the rule which requires an express limitation to heirs in a fee-simple conveyance of the legal estate to an executory agreement, which is a conveyance only in equity. This rule, purely technical as it is, and founded in a policy which has disappeared with the feudal system, from which it sprung, is relaxed in many cases even at law. In executory contracts, equity supplies words of inheritance, and implies a fee where the consideration evinces that not less than a fee was intended. These contracts, like a will, are interpreted so as to give effect to the intention. In *Dearth* v. *Williamson*, (2 *Serg. & Rawle* 498), a covenant to make a lawful deed of conveyance was understood, from the nature of the transaction, to be a covenant to make a good title. On the same principle, a covenant to divide a tract by giving one of the parties a portion of it in recompense of an improvement, must be deemed a covenant to give it out and out. Improvement is a permanent benefit, and compensation of it follows its nature. What is the value of an estate for life in wild land? Next to nothing. Agree-

[Defraunce v. Brooks.]

ments of compromise, for the sake of repose, are necessarily perpetual where their duration is not limited expressly or by implication. The owner of this title agreed to give a part of the land; and he agreed to give it as he would a chattel; of course he agreed to give it in fee-simple.

Judgment reversed, and a *venire de novo* awarded.