## STEVENS *vs.* HUNT and ROBERTSON.

A covenant to make and execute "a good and sufficient warranty deed in fee simple," to be signed by the covenantor and his wife, is not complied with by tendering a deed signed by the covenantor and his wife, but not acknowledged.

THIS cause was commenced before a justice of the peace. The justice rendered a judgment in favor of the plaintiff for $100 besides the costs.    The defendant appealed to the county court of Washington county; and the county judge having been

counsel for one of the parties, the cause was certified to this court. The facts are stated in the opinion which follows.

*J. W. Martin,* for the appellant.

*A. L. McDougall,* for the respondent.

*By the Court,* WILLARD, P. J. On the 9th December, 1850. Stevens and Hunt entered into articles of agreement, in writing under seal, whereby the former agreed to make and execute to the latter, on or before the 1st of April then next, " a good and sufficient warranty deed in fee simple, signed by himself and Anna his wife, of the saw mill, situate in Sushan," particularly described, in consideration whereof the said Hunt agreed, on or before the said first of April, well and truly to pay or cause to be paid, unto the said Stevens, the just and full sum of $400, and within two months thereafter the further sum of $100 and interest from said 1st of April, and that he would, on the said 1st of April, make and execute a bond and mortgage on said premises, to secure the payment of $800 in four annual payments of $200 each, &c. And it was mutually agreed between the parties, that if the said Hunt should fail to perform the covenants on his part, he should forfeit and pay to the party of the first part one hundred dollars in full of all damages for such failure. On the same 9th December, 1850, Hunt as principal, and Robertson as his surety, entered into a bond to the said Stevens in the penal sum of $100, conditioned that in case Hunt should fail to perform the above agreement, and fail to pay the forfeiture in consequence of his failure to perform, then the said Hunt and Robertson should pay the said forfeiture of $100, &c. The action before the justice was brought upon this bond, and the complaint alleged that the plaintiff stood ready and offered to fulfill the agreement in all respects on the day, but the defendant Hunt wholly neglected and refused to comply with it on his part, and he claimed the said $100 as forfeited to him under the contract. The answer put in issue the whole complaint, and alleged that the plaintiff did not perform, on his part, but

Stevens *v*. Hunt.

made default. That the defendant was ready to perform whenever the plaintiff would give him a deed, duly executed by him and his wife, conveying the fee, &c. Other defenses were set up, not material to be noticed.

On the trial it was shown that on the day specified in the contract, the plaintiff tendered a warranty deed of the premises to Hunt, in fee, signed by himself and wife, but not acknowledged. The particular form of the deed was not objected to. Hunt was not ready, and requested a few days longer to raise the first payment, and did not pay on the day. It does not appear that any other demand of the money, or tender of a deed, was made.

On the trial before the justice, it was objected by the defendants, among other things, that the offer of a deed by the plaintiff and his wife, unacknowledged, was not a compliance with the plaintiff's covenant *to give a good and sufficient deed in fee simple, signed by himself and wife*. The justice overruled the objection, and gave judgment for the plaintiff for the 100 dollars and costs. There were other points in the case, but this was the main one. It does not appear that at the time the deed was tendered Hunt made the specific objection, that it was not acknowledged by the wife. He was confessedly not ready to perform on his part.

There can be no doubt that performance, or offer to perform, on the part of the plaintiff, was a condition precedent to his right of recovery. This is assumed by the counsel on both sides to be the law. (*See Green* v. *Reynolds*, 2 *John*. 207.) The question, therefore, is whether the tender by the plaintiff of a deed signed by himself and wife, but not acknowledged by her or him, was a compliance with the covenant on the part of the plaintiff. Although the agreement does not, in terms, require that the deed should be acknowledged, so as to pass the contingent right of dower of the plaintiff's wife, yet such must have been the intention of the parties. The *fee simple of the saw mill*, which the plaintiff was to convey to the defendant, by a warranty deed, signed by himself and wife, could not pass unless the deed was duly acknowledged by the wife. In *Jones* v.

---

*Gardner*, (10 *John.* 266,) where the covenant bound one party on receiving "a good and sufficient deed in law to vest the title of the said farm," to execute a bond and mortgage, &c., it was held that the tender of a deed of the farm, executed but not acknowledged by the wife, was not a performance on the part of the party covenanting to convey. That case resembles the present in many of its features. In *Clute* v. *Robison*, (2 *John.* 613,) the court of errors held that a covenant to execute and deliver "a good and sufficient deed of a piece of land, does not mean merely a conveyance good in point of form. That would be a covenant without substance. But it means an operative conveyance; one that carries with it a good and sufficient title to the lands to be conveyed." That principle is believed to be sound, and it is quite decisive of this case. The plaintiff kept the word of promise to the ear. The deed he tendered was signed by himself and wife, as the contract required, but not being acknowledged by her, it did not convey the fee simple of the saw mill to the defendant, but left a contingent right of dower outstanding. The plaintiff thus failed to comply with the contract, according to the spirit and intent of it, and for this reason cannot maintain the action.

Judgment of the justice reversed.

[SCHENECTADY GENERAL TERM, January 3, 1853. *Willard*, *Hand*, *Cady* and *C. L. Allen*, Justices.]