# RUSS *v.* PERRY.

A right of dower, although inchoate and contingent, is so far an existing incumbrance upon the lands to which it attaches, as to be within the operation of the usual covenant against incumbrances.

An heir or devisee is liable on the covenants of his ancestor or devisor, which were not provable during the administration of the estate, to the extent of the personal as well as the real estate which has so descended to him.

The covenants of warranty, and for quiet enjoyment, if possession attend the conveyance, are in the nature of real covenants, and they run with the land conveyed and vest in assignees or the purchaser.

A widow may be estopped or rebutted from claiming dower, by the covenants of her ancestor from whom she has received an estate of value more than sufficient, after deducting what she would be entitled to as dower, to respond to the damages which might be recovered in actions upon such covenants.

WRIT of dower, in which the demandant, Lavina Russ, seeks to recover, as widow of John Russ, late of Aurora, in the county of Kane, and state of Illinois, of Horace A. Perry, her dower in certain lands in Newport, in the county of Sullivan, of which the said John was seized during her coverture. The said Russ conveyed the said

property in fee and mortgage, November 18, 1835, to Josiah Forsaith, and April 15, 1839, to James Breck, and on the same day to Thomas W. Gilmore, all which mortgages have been duly foreclosed, but neither of which was executed by the said Lavina. Said deeds contained in full the usual covenants of warranty, and the defendant derives his title under them by deeds of warranty with the usual covenants. Said John Russ, by his last will and testament, which was admitted to probate at a court held in said county of Kane, October 15, 1861, devised and bequeathed his whole estate, real and personal, excepting one legacy of $800, to the said Lavina. The real estate of the said Russ, as appears by the inventory filed December 31, 1861, was appraised at $6,500, and the personal property was appraised at $6,334.30. For the purposes of this case, it is conceded that the estate thus devised to the said Lavina, after deducting what she would be entitled to as dower in the lands so devised to her, is of more than sufficient value to respond to the damages which might be recovered in actions upon the covenants of said Russ in the said mortgage deeds, in case the demandant should recover her dower in this action.

*Tappan* and *Burke*, for the demandant.

I. An inchoate right of dower is not an incumbrance on the land, and therefore not a breach of the covenant against incumbrances. Judge Story in *Powell* v. *Manson & Brimfield Manufacturing Company*, 3 Mason 355.

II. The right of dower is an independent estate in the land, *in posse* certainly, if not *in esse*, recognized and favored by the law, the title to which must be purchased as the husband's title is purchased. If, when the husband's title is purchased, no purchase is made of the right of dower in the wife, it is a recognition of the existence of that right on the part of the purchaser, who takes the estate with a full knowledge of the existence of that right outstanding. Under such circumstances the parties to the conveyance cannot contemplate, and do not agree, that the usual covenants in a deed of warranty embrace that right, and shall protect the purchaser against it. The grantees by taking the deed under such circumstances, should be estopped from making claim for a breach of the covenant by reason of the existing right of dower.

III. In this case the conveyance from the deceased husband to the grantors of the defendant was by mortgage. The plaintiff was then living with her husband. The sale of the right of dower, therefore, could not have been contemplated by the parties to the transaction. If it had been, the mortgagees would have insisted upon a release of the right of dower. Nor does it appear that any consideration was paid for the wife's right of dower, even to the husband. If the purchase of the right of dower was not made, nor even contemplated, by the grantees, nor any adequate consideration paid for it, there is no justice in allowing them, or their assignees, to claim

damages for a breach of any of the covenants in the deed of conveyance, on account of the claim of dower by the plaintiff. The claim of damages, under such circumstances, is against equity and good conscience. The case of *Fuller* v. *Wright*, 18 Pick. 403, has a bearing upon this point. Nor does this view of the law leave the defendant without remedy. He has his remedy over against his grantors.

IV. If the defendant can recover at all in this case, it must be by way of rebutter to prevent circuity of actions. But when there is no circuity of action there can be no rebutter. Circuity of action is where a recovery in the first suit alone gives rise to the second. *Hagnes* v. *Stevens*, 11 N. H. 33. If the plaintiff should recover in this action, the defendant could not turn around and sue her .for a breach of the covenant of her deceased husband. His remedy or that of his grantors, would be against the estate of John Russ, deceased, in the hands of his executor. The right of action against the plaintiff after exhausting his remedy against the executor, would depend upon the question whether or not the plaintiff had in her hands assets by descent from her deceased husband, and would involve the law of Illinois, the domicil of the deceased husband, and that also of the plaintiff, regulating the descent and distribution of the·estates of deceased persons. In this case, therefore, the doctrine of rebutter does not apply. *Hutchinson* v. *Stiles*, 3 N. H. 404; *Hall* v. *Martin*, 46 N. H. 337.

*Cushing* and *Allen*, for the tenant.

If the demandant recovers in this action, the defendant, on the covenants made by Russ to defendant's warrantors, would have an action against her for damages equal to the value of the dower recovered by her. Such action could be maintained against her as devisee, if not as legatee, under the will of John Russ, there being no remedy against the executor here, and the demandant having assets, both as devisee and legatee, from her husband's estate. *Ticknor* v. *Harris*, 14 N. H. 272; *Hall* v. *Martin*, 46 N. H. 337.

The defendant in this suit would be the plaintiff in any such action. For he is the grantee in possession at the time of the breach of the covenants to his warrantors and covenants of warranty run with the land. 4th Kent's Com. 471, 472; *Slater* v. *Rawson*, 1 Met. 450; *Chase* v. *Weston*, 12 N. H. 413; *Moore* v. *Merrill*, 17 N. H. 75.

Since the defendant, then, would have an action against the demandant, by reason of her recovery, and for an amount equal to the value of the dower so recovered, she is estopped from claiming dower on the principle of avoiding circuity of action. Co. Lit. 265; *Bates* v. *Norcross*, 17 Pick. 14; *Robertson & al.* v. *Leavitt*, 7 N. H. 73; *Batchelder* v. *Dean* 16 N. H. 265; *Moore* v. *Merrill*, 17 N. H. 75; *Berry* v. *Gillis*, 17 N. H. 9–13; *Brown* v. *Manter*, 21 N. H. 536.

FOSTER, J.   A right of dower, although inchoate and contingent,

is so far an existing incumbrance upon the lands to which it attaches as to be within the operation of the usual covenant against incumbrances. Rawle on Covenants 109–111; Platt on Covenants *337; Sheppard's Touchstone *171; 2 Scribner on Dower 3–5; 3 Washburn on Real Property 393.

The _dictum_ of Mr. Justice Story to the contrary, expressed in _Powell_ v. _Munson & Brimfield Manf. Co._ 3 Mason 355, and cited by the plaintiff, has not been overlooked, but has been considered by the court, in subsequent cases, with the attention and respect due to the _dicta_ even of so eminent a jurist, but the opposite conclusion is now so firmly established that it can no longer be considered an open question. _Prescott_ v. _Trueman_, 4 Mass. 627; _Shearer_ v. _Ranger_, 22 Pick. 447; _Jones_ v. _Gardner_, 10 Johns. 266; _Gazley_ v. _Price_, 16 Johns. 268, and a great many other cases cited in note 3 to 2 Scribner on Dower 4.

And in our own state the principle is clearly established as a settled rule of law, by the decisions in _Fitts_ v. _Hoitt_, 17 N. H. 530, and _Fletcher_ v. _The State Capital Bank_, 37 N. H. 397.

By the will of John Russ, admitted to probate in 1861, the demandant took, as legatee and devisee, substantially the whole estate, real and personal, of her deceased husband, of which estate it is conceded the portion devised is of more than sufficient value to respond to the damages which might be recovered in actions upon the covenants of her husband, contained in his mortgage deeds, after deducting her dower.

And if the plaintiff should be permitted to recover in this action, the defendant would then have his action against her for damages equal to the value of the dower recovered by her; because there exists no remedy against the executor in this state.

If this court had jurisdiction originally, the right of recovering against the executor would be barred by the statute of limitations, Gen. Stats. ch. 179, § 5; Rev. Stat. chap. 161, § 5; no estate being retained in his hands for the payment of contingent claims. In _Hall_ v. _Martin_, 46 N. H. 337; it was held, upon great consideration, that while " at the common law the heir was liable on the covenants of his ancestor in which he was specially bound, just so far and no farther, as he had assets by descent, and, as real estate alone descended to him, his liability was limited to that, yet, when by our statute, the personal estate is made to descend to him, substantially in the same way, a correct application of the common law principle requires it to be treated as assets in his hands, equally with the real estate; and it was therefore _held_, that such heir is liable on the covenants of his ancestor which could not have been proved while the estate was in the course of administration, to the extent of the _personal_ as well as the real estate which has so descended to him." And it was also held in the same case, that suits against the heir or devisee are not bound by the statute limiting actions against executors or administrators, but that the limitation applies only to suits against them; and that, therefore, " the remedy against the heir or devisee upon

claims which could not be proved within the three years limited by the statute, because contingent, is not impaired by those provisions, but remains as in the case of insolvent estates."

And the remedy is held to apply as well to the *devisee* as to the heir. It is therefore unnecessary to revive the consideration of the argument invoked by the decision in *Ticknor* v. *Harris*, 14 N. H. 272; where it is held that *legatees* are exempted from the rule inforcing liability upon them to make good the covenants of their testator, the plaintiff having assets as *devisee* beyond the value of her dower, sufficient to satisfy the defendant's claim. For a critical review of *Ticknor* v. *Harris*, see the opinion of the court in *Hall* v. *Martin, supra*.

The defendant in this cause, being the tenant and grantee in possession, deriving his title from the deceased, John Russ, through successive deeds of warranty, with the usual covenants, would be the plaintiff in an action against the present demandant founded upon the breach of the covenants of warranty by the original and intermediate warrantors, such covenants running with the land, *Williams* v. *Burrell*, 50 Eng. Com Law, 401; *Lewis* v. *Campbell*, 8 Taunton, 715; 4 Eng. Com. Law, 350; *Moore* v. *Merrill*, 17 N. H. 75; *Chase* v. *Weston*, 12 N. H. 413; 4 Kent Com. 471, 2.

In *Moore* v. *Merrill*, and also in the prior case of *Haynes* v. *Stevens*, 11 N. H. 28, it is said that covenants against incumbrances are not assignable. The contrary is held in Ohio, *Foote* v. *Burnet*, 10 Ohio 317, 333, and in South Carolina, *McCrady* v. *Brisbane*, 1 N. & McC. 104, and such also seems to be the prevailing doctrine in Massachusetts, *Sprague* v. *Baker*, 17 Mass. 586; *Tufts* v. *Adams*, 8 Pick. 547; *Thayer* v. *Clemence*, 22 Pick. 490; *Whitney* v. *Dinsmore*, 6 Cush. 124.

But this consideration is not material in the present case. The original mortgage and the subsequent conveyances through which the defendant derives his title, are said to have contained in full the usual covenants, that is, of covenants seizin, right to convey, and against incumbrances, all which import a general warranty for quiet enjoyment of the premises by the grantee, his heirs and assigns.

Concerning the remedy in case of breach of these covenants, Mr. Washburne, with his usual accuracy and clearness, says: "Much that has been said of the covenant of seizin and right to convey, may be applied to the covenant against incumbrances. If there be an incumbrance, the covenant, being *in praesenti*, is broken as soon as made. But incumbrances are so various in their description and character, that the same rule cannot well be applied to all. Some of them, like an existing right of way over the premises, or a permanent easement, are as much incumbrances when the deed is made as they ever can be; and, of course, actually diminish and detract from the value of the estate at that time. Other incumbrances like an existing right of dower, or an outstanding mortgage, may or may not impair the value of the premises conveyed, according as

these claims arc or are not enforced. The person entitled to dower may die before having it set out, or the mortgagor may pay the mortgage debt and relieve the estate. If in the cases first supposed, the covenantee sues upon his covenant, he recovers the damage which the estate sustains by the existence of such a permanent in-cumbrance.

In the other, he can only recover nominal damages until it shall have been ascertained that the widow or mortgagee will enforce their claim, and he has paid or satisfied the same. Suppose that such a grantee conveys the estate to a third person, by a deed of quitclaim or other deed not of warranty, and the dower right or mortgage is then enforced, for the first time, against the last named purchaser, and regarding the first grantor's covenant, as to these encumbrances, as one *in praesenti*, the second purchaser would be without a remedy against him, being a mere assignee of a covenant, broken before assignment was made. But if he shall be evicted by the enforcement of the widow's or mortgagees claim, these being paramount titles to his, he may avail himself of the covenant of warranty, if there were one contained in the first deed, disregarding altogether that against incumbrances." 3 Washb. on Real Prop. 391, 392. See also 2 Scribner on Dower 4, 5 ; Rawle on Covenants, 238–253 ; and it has been held that where dower is claimed and assigned, or the value thereof assessed, a covenant for quiet enjoyment is broken, *Lewis* v. *Lewis*, 5 Rich. L. 12.

But in *Moore* v. *Merrill*, it is distinctly holden, that the covenant of warranty, if possession attend the title assumed to be made by the deed, runs with the land. Possession by the defendant is essential, because without such possession there can be no eviction, which is indispensable for laying the ground of an action upon the covenant of warranty, and it was also held in that case that if the maintenance of the plaintiff's action establishes the right in the defendant to recover an equivalent of the plaintiff, the fact may be availed of by the defendant as an estoppel, as in the case put by Coke, who says that the reason is for avoiding circuity of actions. Co. Lit. 265 a, or, as was said in *Haynes* v. *Stevens*, 14 N. H. 33 : " In order that the covenant should operate by way of rebutter, it must appear that if the plaintiff should recover in this suit, the defendant might thereupon recover the same amount of him in a suit upon his covenant." And in 1 Washb. Real Property 238, it is said : " A widow may be estopped or rebutted from claiming dower by the covenants of her ancestor from whom she has received assets. Thus, the land of A was sold on execution and bought by B, who conveyed it with covenants of warranty. A's wife was heir at law to B, and on his death received assets by descent. A and B having both died, she sued for dower as widow of A. But the court held that she could not claim it against the covenants of B, since what she recovered as dower, she would have to respond for as heir." *Torrey* v. *Miner*, 1 S. & M. Ch. 489 ; *Bates* v. *Norcross*, 17 Pick. 14.

Upon these considerations, we are of the opinion that the demand-

ant is not entitled to recover her dower in this action.. The defence which we have indicated may be made available to the defendant under the plea of *ne unques seisie que dower*, which is, perhaps, ordinarily considered the general issue in this action.    See 2 Scribner on Dower 91, 126 ; Steph. on Pl. 9th Am. Ed. App. lvi, Note 43 ; 3 Chitty Pl. 1317.