## DETERMINED IN THE

# FIFTH DEPARTMENT,

AT

# GENERAL TERM,

## October, 1886.*

JULIA MARTIN, Respondent, v. JESSE COLBY, Appellant.

*When a condition of a bond will be treated as an agreement — when specific performance thereof will be enforced — presumption as to an instrument having been under seal — what consideration will support an agreement — the court will not direct specific performance where a party is unable to perform his contract.*

On February 5, 1880, the defendant made to the plaintiff his bond in the penal sum of $10,000, containing the condition " that if the said Julia Martin (the plaintiff), her heirs, executors, administrators or assigns shall pay to the said Jesse Colby (the defendant), his executors, administrators or assigns the just and full sum of fifty-eight hundred and fifty dollars, and the interest from the date hereof in one year from the date hereof, then said Jesse Colby, his heirs, executors or administrators shall execute and deliver to the said Julia Martin, her heirs, executors and administrators a good and sufficient warranty deed in fee simple, with the usual covenants, of the same lands in the town of Alden which are described in a certain deed this day executed by Levinus W. Cornell and wife to Jesse Colby, then this obligation to be void, else to remain in full force and virtue; and the said Julia Martin shall pay, in addition to the stated sum, for all improvements that the said Jesse Colby shall have done on the said lands during one year from the date hereof, and the said Jesse Colby shall have all the privileges of the said lands as he would have if this writing was not made."

On February 5, 1881, the plaintiff caused a tender to be made to the defendant of the amount she claimed was then due to him, and requested him to execute a deed of the lands. He having refused so to do, upon the ground that the bond had been canceled, the plaintiff brought this action to compel a specific performance of the agreement, and recovered a judgment therefor.

---

* Continued from volume 41 Hun.

*Held*, that the agreement to execute and deliver the deed of the lands constituted
an agreement to sell them, and imposed upon the defendant a duty to convey
the lands, which could be specifically enforced in this action.

The original bond was not produced upon the trial, and the copy used had no
mark following the name subscribed to indicate that the original was sealed.
but the language of the instrument declared that it was sealed

*Held*, that this was some evidence of the fact that the original bond was sealed.

That a sufficient consideration for the defendant's agreement was shown by
proving that the conveyance, made at the same time to the defendant by
Cornell, was made pursuant to an undertaking that the defendant should permit
the plaintiff to purchase the property at the price mentioned in the bond.

On March 31, 1880, thirty-five acres of the land were conveyed by the defendant
and his wife to the plaintiff, by a deed expressing the consideration of $3,000,
the plaintiff giving back a mortgage to secure $2,200 of the purchase-money.

*Held*, that this did not necessarily operate as a satisfaction or rescission of the
contract expressed in the bond.

That as the nature of the liability which the plaintiff might incur for the
improvements, which might be made by the defendant, was such that she
could not accurately measure their value, and as no means was provided by
the contract for determining this question the provision for the payment for
such improvements would be construed to create a liability rather than a con-
dition precedent, and that the plaintiff was not required to cover by the tender
the value of any improvements which the defendant might have made.

The defendant offered, but was not allowed, to prove that his wife had refused,
and did refuse, to sign a deed conveying the lands to the plaintiff, the refusal
of his wife to execute the deed having been alleged in his answer.

*Held*, that the court erred in refusing to receive the evidence.

APPEAL from a judgment, entered on a decision made at the Erie
Special Term.

The action was brought for the specific performance of an alleged
contract to convey lands situated in the town of Alden, county of
Erie.

On the 5th day of February, 1880, the defendant made to the
plaintiff his bond in the penal sum of $10,000, containing the con-
dition "that if the said Julia Martin, her heirs, executors, adminis-
trators or assigns shall pay to the said Jesse Colby, his executors,
administrators or assigns the just and full sum of fifty-eight hun-
dred and fifty dollars, and the interest from the date hereof in one
year from the date hereof, then said Jesse Colby, his heirs, executors
or administrators shall execute and deliver to the said Julia Martin,
her heirs, executors and administrators a good and sufficient warranty
deed in fee simple, with the usual covenants, of the same, lands in

the town of Alden which are described in a certain deed this day executed by Levinus W. Cornell and wife to Jesse Colby, then this obligation to be void, else to remain in full force and virtue; and the said Julia Martin shall pay in addition to the stated sum for all improvements that the said Jesse Colby shall have done on the said lands during one year from the date hereof, and the said Jesse Colby shall have all the privileges of the said land as he would have if this writing was not made."

The premises referred to in this instrument contained 160 acres, and was described in three parcels, one of which consisted of thirty-five acres, upon which was a cheese factory and some other buildings. On the 31st day of March, 1880, this thirty-five-acre parcel was, by the defendant and wife, conveyed to the plaintiff by warranty deed expressing the consideration of $3,000. And the plaintiff gave to the defendant a bond, with a mortgage upon the premises, to secure the payment of $2,200 of the purchase-money. The plaintiff, on February 5, 1881, caused a tender to be made to the defendant of the amount she claimed was then due him of the purchase-money, and requested him to execute to her a deed of the remaining 125 acres. He refused to do this, and claimed that his bond had been canceled and surrendered up to him. Thereupon this action was brought to require him to perform by the conveyance of this 125 acres.

The trial court found that the defendant's bond remained operative and that the plaintiff was entitled to its performance, and directed judgment, which was entered against the defendant that he convey the land to the plaintiff on notice that the purchase-money is paid into court.

*C. F. Tabor*, for the appellant.

*L. P. Perkins*, for the respondent.

BRADLEY, J.:

It is contended on the part of the defendant that this bond does not constitute or contain any agreement of the defendant to support an action for specific performance. And this is urged upon the ground that by it he did not agree to sell, but only to execute, a deed upon a condition, that the plaintiff did not undertake to

purchase the premises, and that the bond was in fact made without consideration. The agreement to convey embraces that to sell, and the obligation, in form, imposed upon the defendant by his bond was the performance of the condition expressed in it as effectually as if it was in the form of a simple contract on his part to sell and convey. It is something more than a naked condition, which was that involved in *Palmer* v. *Fort Plain and C. P. R. Company* (11 N. Y., 376).

The condition of a bond expresses the purpose for which the obligation is assumed, and has the support of it for the purposes of the remedy. The obligation expressed in the instrument in question is to execute and deliver to the plaintiff a deed upon payment by her of the requisite amount at the time specified. No question applicable here arose in *Turk* v. *Ridge* (41 N. Y., 201). And while that case was correctly decided, some remarks there made by the learned judge were unnecessary to the result. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y., 15–22; *Merrill* v. *Green*, 55 id., 270.) No form of words or phraseology is necessary to the creation of a contract obligation. It is sufficient that by the language used, the intention of the parties is fairly manifested, and when that is found in the phraseology employed, the instrument must be construed accordingly.

The seal furnishes a presumption of consideration which may be repelled. The original bond was not produced, and the copy used had no marks following the name subscribed to indicate that the original was sealed, but the language of the instrument declares that it was sealed, which is some evidence that the original bond was so.

And the evidence tends to prove, that the conveyance was made by Cornell to the defendant pursuant to an understanding between them that the latter should permit the plaintiff to purchase the property at the price mentioned in the bond, and that it was made at the same time as the conveyance to the defendant, in consummation of such understanding, founded upon reasons to which it is here unnecessary specifically to refer. The obligation of the defendant having been assumed, upon a consideration sufficient to support it, he was charged with the duty and legal liability to perform his undertaking. (2 R. S., 135, § 8; *Tallman* v. *Franklin,*

14 N. Y., 584; *Worrall* v. *Munn*, 5 id., 229; *McCrea* v. *Purmort*, 16 Wend., 460; *Justice* v. *Lang*, 42 N. Y., 524.)

The execution and acceptance of a deed of a portion of the premises between the parties, was not necessarily a satisfaction or rescission of the contract in question. It was a part performance, by consent of the parties, before the time designated for performance, and pursuant to some further arrangement between them, and the effect of such conveyance upon the defendant's obligation, is dependent upon the agreement which produced such partial performance. This is the subject of a conflict of evidence. The evidence on the part of the defendant tends to prove, that at the time of such conveyance of the thirty-five acres to the plaintiff, and pursuant to which it was made and taken, there was an agreement that the bond should be canceled. And he produces at the trial a written instrument, to which the signature of the plaintiff is subscribed, bearing even date with the deed to her, and distinctly stating that the bond is canceled and gives evidence to the effect that the plaintiff executed such written agreement. This is denied by the plaintiff, and the evidence on her part tends to prove that no such arrangement was made; that she did not subscribe any agreement to cancel the bond, and other evidence is given which it is claimed tends to impeach the instrument. The parties also disagree about the circumstances which led to the conveyance. While the evidence on the part of the plaintiff is that it was made, and the mortgage given at his request and for his accommodation, to enable him to raise money to pay off certain incumbrances then upon the premises, the evidence on the part of the defendant is directly to contrary, and to the effect that it was done wholly for the accommodation of the plaintiff and her husband.

These controverted facts were for the determination of the trial court upon the evidence; and we cannot say that the court has failed, by its finding of the facts against the defendant, to represent the truth of the occurrences between the parties. And in that view the defendant's bond remained operative and his obligation, on payment of the purchase-money remaining unpaid, continued, and required him to convey the residue of the land to the plaintiff. And the evidence on the part of the plaintiff tended to prove, and the trial court found, that the amount tendered and offered to the

defendant was a proper and requisite sum, and was a complete tender of performance on her part, by which she was entitled to receive conveyance of such residue. And that by his refusal the defendant was placed in default. This conclusion of the court is excepted to. And the only question presented by this exception, other than that of fact arising out of the conflict of evidence (the finding upon which we think was justified), is whether the plaintiff was required to cover by the sum tendered the value of the improvements the defendant had made upon the premises during the year.

It appears by the terms of the bond, that it was contemplated that the defendant might make some improvements during the year, and that if he did, the plaintiff should pay him for them in addition to the sum before mentioned in the condition of that instrument.

It will be observed that this was not in express terms embraced in the sum required to be paid as the condition upon which the right to a deed depended, but that his conveyance on payment by her of the purchase-price of the land rendered his obligation void, and if he failed, on such payment, to make to her the deed, his obligation should remain in force. And such is the interpretation that it should receive. The nature of the liability which might be incurred for the improvements he should make, might be such that she could not accurately measure the value of them. There was no means provided by the contract to arrive at their value. And in view of the circumstances, the provision referred to would seem to have been designed to create a liability, rather than a condition precedent for improvements, in the event the defendant made any, and such as were within the contemplation of the parties.

At the time the tender was made the defendant had not furnished and did not then furnish to the plaintiff any statement of the improvements made by him, or of the amount or value of them. He then, evidently, put his refusal to make the deed mainly on his claim, that the bond was canceled, and that no obligation remained to convey the residue of the premises. He says : " I did not put my refusal of the money tendered wholly on the ground that they didn't tender me any money for improvements, but on the ground that the contract was canceled ; as to that I told them so, not wholly on that, but on the ground they did not tender me enough money ;

but I didn't specify any sum nor any special demand. They said they didn't tender me any money for improvements."

It may be assumed that the defendant was married and had a wife at the time he made the bond. She is not a party. The defendant offered to prove that his wife has refused to sign, and will not sign a deed to the plaintiff of the 125 acres, and took exception to the rejection of the evidence. This evidence was probably offered to show, that the defendant could not specifically perform the obligation to give a deed with the stipulated covenants.

The trial court directed judgment that the defendant execute and deliver to the plaintiff a deed of conveyance with specified covenants, constituting what is known as a full covenant warranty deed. And to this conclusion exception was taken. And to the refusal of the court to determine that the deed should not contain any covenant against a claim or right of dower of his wife the defendant also excepted.

It will be presumed, when nothing appears to the contrary, that a party is able specifically to perform his undertaking to convey ; but he is permitted to prove that he cannot, and such fact, when established, is in the way, partially or wholly, of that form of relief, because a party will not usually be directed, by judgment, to perform when he cannot. The deed which the defendant is, by the direction and judgment of the court, required to give, cannot be made unless his wife joins in its execution, and one made by him alone, with such covenants, will not answer the requirement of the judgment. (*Jones* v. *Gardner*, 10 Johns., 266 ; *Stevens* v. *Hunt*, 15 Barb., 17.)

If the court should become satisfied upon the trial that the wife would not execute the deed, the defendant would not be unqualifiedly directed by the judgment to convey with covenants covering her right of dower. And the plaintiff is not required to accept a conveyance less valuable than that which performance of defendant's contract requires. In such event the plaintiff could not take both such a deed as defendant could alone effectually execute, and damages for the deficiency in the conveyance, but the remedy would be for damages only. (*Sternberger* v. *McGovern*, 56 N. Y., 12 ; *Dixon* v. *Rice*, 16 Hun, 422.)

The defendant, in his answer, alleged the refusal of his wife to

execute the deed. It cannot now be said what effect should or would have been given, if received, to the evidence offered to prove that she refused to, and would not, execute the deed, but it was error to exclude it. And unless the plaintiff is willing to accept a deed of conveyance from the defendant, with covenants so qualified as to obviate that question, a new trial must be granted.

The defendant, by his obligation, undertook to make to the plaintiff a conveyance with the covenants as directed by the judgment, and she is entitled to it, or to the requisite compensatory damages, assuming that she is entitled to recover. (*Jones* v. *Gardner,* 10 Johns., 266 ; *In re Jane Hunter,* 1 Edw. Ch., 1, 6; *Burwell* v. *Jackson,* 9 N. Y., 535; *Delavan* v. *Duncan,* 49 id., 485–487.)

It is not apparent that the evidence of value of the premises could have any legitimate bearing except in the event, that the court should have finally determined that the plaintiff was entitled to relief other than that of specific performance of the contract, which might entitle such evidence to consideration. We think no error can be predicated upon the exception taken to its reception. There seems to be no other question requiring consideration.

The judgment should be reversed and a new trial granted, costs of this appeal to abide the event, unless the plaintiff stipulate, to so modify the judgment as to direct, that the conveyance be made subject to the inchoate right of dower of the person who was the wife of the defendant on the 5th day of February, 1880. And in that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party.

SMITH, P. J., and BARKER, J., concurred ; HAIGHT, J., not sitting.

Judgment reversed and new trial ordered, costs of this appeal to abide the event, unless the plaintiff, within twenty days, stipulates to so modify the judgment as to direct that the conveyance be made subject to the inchoate right of dower of the person who was the wife of the defendant on the 5th day of February, 1880, and in that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party.